# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| TONY AND MII'S, INC. <br> TONY THANGSONGCHAROEN, and <br> SOMNUEK THANGSONGCHAROEN <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | § § § § § § § § § § § § | Case No. 3:17-cv-609-B <br><br> (Jury Trial Requested) |

## UNITED STATES' MOTION TO STRIKE JURY DEMAND AND BRIEF IN SUPPORT

The United States moves this Court for an Order striking the Plaintiffs' jury demand. [Doc. #1, pg. 1]. In support, the United States would show as follows:

## Facts

The three Plaintiffs, Tony and Mii's, Inc., Tony Thangsongcharoen, and Somnuek Thangsongcharoen, filed suit in this matter on March 1, 2017, alleging unauthorized tax collection activities by the United States pursuant to 26 U.S.C. §§ 7433 and 7426(h) [Doc. #1].[1] In their Complaint and Civil Cover Sheet, they demanded a jury trial [Doc. #1, pg. 1; Doc. #6].

---

[1] See Doc. #1, ¶¶15-45 (Tony and Mii's, Inc.'s claims under § 7433); ¶¶46-50 (Tony Thangsongcharoen's claims under § 7433); ¶¶51-55 (Somnuek Thangsongcharoen's claims under § 7433); ¶¶56-60 (Tony Thangsongcharoen's claims under § 7426); ¶¶61-65 (Somnuek Thangsongcharoen's claims under § 7426).

## Law

The Plaintiffs in this case are not entitled to a jury trial on any of their claims, and in fact, are barred from having a jury by both statute and case law.

If a party is entitled to a jury by the Seventh Amendment to the United States Constitution, it may make a written demand for such in its pleadings. Fed. R. Civ. P. 38(a); (b)(1). The action must then be designated as a jury action, unless the parties stipule otherwise, or the Court, on motion or on its own, finds that there is no federal right to a jury trial. Fed. R. Civ. P. 39(a).

Here, the Plaintiffs are not entitled to a jury. The Seventh Amendment provides a right to a jury trial in "[s]uits at common law." *U.S. Const. amend. VII*. However, at common law, there was no right to a jury in an action against a sovereign. *Information Resources, Inc. v. United States*, 996 F.2d 780, 783 (5th Cir. 1993) *citing Lehman v. Nakshian*, 453 U.S. 156, 160 (1981), *Galloway v. United States*, 319 U.S. 372, 388-89 (1943). As such, a right to a jury trial against the United States exists only if Congress has created such a right by statute. *Information Resources Inc.*, 996 F.2d at 783; *Mathes v. Comm'r*, 576 F.2d 70, 71-72 (5th Cir. 1978); *Lehman*, 453 U.S. at 168. Such a statute must give the plaintiff the right to trial by jury "affirmatively and unambiguously." *Lehman*, 453 U.S. at 168. Under this rationale, controlling case law in the Fifth Circuit has unequivocally concluded that a jury trial does not exist for a damages claim under 26 U.S.C. § 7433. *Information Resources, Inc.*, 996 F.2d at 783-84. Other districts have similarly concluded that no Seventh Amendment rights exists for a jury trial in suits brought under Section 7433 or Section 7426. *See Sylvester v. United States*, 978 F. Supp. 1186, 1192 (E.D. Wisc. 1997) (striking jury demand as to Section 7433 claim); *Harriman v. United States*, 2009 WL 789435 (E.D.N.Y. 2009) (same); *In re Hook*, 2008 WL 4424811, fn17

(D. Colo. 2008) (same); *Towe Antique Ford Foundation v. I.R.S.*, 999 F.2d 1387, 1395 (9th Cir. 1993) (affirming denial of jury trial in Section 7426 suit); *Walker v. Anderson*, 76 F.3d 390 (9th Cir. 1996) (unpublished); *Knies v. United States*, 1993 WL 114416 (E.D. Wisc. 1993) (denying jury demand as to Section 7426 claim).

Additionally, 28 U.S.C. § 2402 specifically bars a plaintiff from a jury trial in any action against the United States brought under 28 U.S.C. § 1346.[2] Here, this action is being brought under 28 U.S.C. § 1346. *See* 28 U.S.C. § 1346(e) (providing for jurisdiction for wrongful levy suits under 26 U.S.C. § 7426); Doc. #1, ¶10 (plaintiffs alleging jurisdiction under 28 U.S.C. § 1346). As such, the Plaintiffs are statutorily barred from a jury. *Towe Antique Ford Foundation v. I.R.S.*, 999 F.2d 1387, 1395 (9th Cir. 1993) (affirming denial of jury trial in 26 U.S.C. § 7426 suit pursuant to 28 U.S.C. § 2402); *Wersetsky v. United States*, 1979 WL 1517 (D. Mass. 1979) (court noting that 26 U.S.C. § 7426 case was tried without jury pursuant to 28 U.S.C. § 2402).

Put simply, the Plaintiffs are not entitled, nor permitted, to have a jury trial on their causes of action, and their jury demand should be stricken now before the parties plan their discovery and trial strategies.

---

[2] An exception in 28 U.S.C. § 2402 exists if the action is a refund suit brought pursuant to 28 U.S.C. § 1346(a)(1). *See Mathes*, 576 F.2d 70, 71-72 ("For a taxpayer to obtain a trial by jury, he must pay the tax allegedly owed and sue for a refund in district court."). A lawsuit for damages against the IRS (as is the case here) is not a lawsuit for the "recovery" of taxes. *Information Resources, Inc.*, 996 F.2d at 783-84.

Conclusion / Prayer

For the reasons stated above, the United States requests that the Court strike the Plaintiffs' jury demand.

/s/ Curtis C. Smith
CURTIS C. SMITH
State Bar No.  AZ 026374
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9734
(214) 880-9741 (fax)
Curtis.C.Smith@usdoj.gov

ATTORNEYS FOR UNITED STATES

CERTIFICATE OF CONFERENCE

Pursuant to LR 7.1(a) & (h), I certify that I conferred with opposing counsel regarding this motion.  The relief sought in the motion is opposed.  Undersigned counsel, and counsel for the plaintiffs had a telephonic conference regarding this motion on April 26, 2017, but disagreed as to the applicable and controlling law on this issue.

 /s/Curtis C. Smith
CURTIS C. SMITH

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified, that on May 1, 2017, I filed the foregoing using the Clerk's ECF system which will serve an electronic copy on the following:

Jason B. Freeman
Freeman Law, PLLC
2595 Dallas Parkway, Suite 420
Frisco, Texas 75034
Jason@freemanlaw-pllc.com

    Counsel for all Plaintiffs


      /s/Curtis C. Smith
CURTIS C. SMITH