IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY AND MII'S, INC. § <br> TONY THANGSONGCHAROEN, and § <br> SOMNUEK THANGSONGCHAROEN § <br>  § <br> Plaintiffs,  § <br>  § <br> vs.  § <br>  § <br> UNITED STATES OF AMERICA, § <br>  § <br> Defendant.  § | Case No. 3:17-cv-609-B <br><br> (Jury Trial Requested) |

**UNITED STATES' MOTION FOR PARTIAL DISMISSAL AND BRIEF IN SUPPORT**

JOHN R. PARKER
United States Attorney

CURTIS C. SMITH
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214-880-9734 (v)
214-880-9741/9742 (f)
Curtis.C.Smith@usdoj.gov

ATTORNEY FOR UNITED STATES

# **Table of Contents**

Summary of Argument ................................................................................................................ 1

Background ................................................................................................................................ 2

Law and Argument .................................................................................................................... 4

    1. The Claims of the Individual Plaintiffs Should be Dismissed .................................................... 4

        a.        Sovereign Immunity ................................................................................................. 4

        b.        The Individual Plaintiff's Are Not the "Taxpayers," Within the Meaning of 26 U.S.C. § 7433 ................................................................................................. 5

        c.        The Individual Plaintiffs Do Not Have Standing to Assert a Claim Under 26 U.S.C. § 7426 As They Do Not Have an Interest In the Seized Property ............... 7

    2. The Court Should Dismiss Several of the Claimed Damages of the Corporate Plaintiff, Tony and Mii's, Inc. ............................................................................................................ 10

        a.        Court Should Dismiss The Corporate Plaintiff's Claim For Damages Relating To The Medical Bills Of Tony Thangsongcharoen ..................................... 10

        b.        The Court Should Dismiss Tony and Mii's, Inc's Claim for Reputation Damages As They Are Barred by Applicable Treasury Regulations ........................................ 12

    CONCLUSION / PRAYER ................................................................................................ 13

# TABLE OF AUTHORITIES

**Federal Cases**

*Alexander v. I.R.S.*, 628 F. Supp. 433, 435 (D. De 1985) ............................................................... 9

*Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1003-04 (9th Cir. 1999) ................ 6,8

*Aspinall v. United States*, 984 F.2d 355, 357-58 (10th Cir. 1993) ..................................................... 8

*Bell v. American Traffic Solutions*, 371 Fed. Appx. 488, 491 (5th Cir. 2010) ............................... 9

*Blakley v. United States*, 1996 WL 756538 (W.D. Tex. 1996) *aff'd* 137 F.3d 1349 (5th Cir. 1998) ............................................................................................................................................................. 9

*Century Hotels v. United States*, 952 F.2d 107, 109 (5th Cir. 1992) ............................................... 8

*City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007) ............................................ 7

*Craig v. United States*, 89 F. Supp.2d 858, 862-63 (S.D. Tex. 1999) ......................................... 8, 9

*F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ................................................................................ 4

*Ferrel v. Brown*, 847 F. Supp. 1524, 1528 (W.D. Wash. 1993) ........................................................ 6

*Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) .......................................................... 4

*Friedrich v. United States*, 985 F.2d 379, 382-83 (7th Cir. 1993) .................................................. 8

*Gass v. United States Dept. of Treasury*, 2000 U.S. App. LEXIS 13015 ....................................... 6

*Gessert v. United States*, 703 F.3d 1028, 1033-34 (7th Cir. 2013) ........................................... 6, 11

*Ibraham v. United States*, 123 F. Supp.2d 408 (S.D. Oh. 2000) ..................................................... 6

*Kostamayer Construction, LLC v. Port Pipe & Tube, Inc.*, 2016 WL 6143075 (W.D. La 2016) .. 9

*Lane v. Pena*, 518 U.S. 187, 192 (1996) ......................................................................................... 5

*Ludtke v. United States*, 84 F. Supp.2d 294, 299-300 (D. Conn. 1999) ......................................... 6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 (1992) ............................................................... 7

*Matrix Development Corp. v. United States*, 815 F. Supp. 297, 301 (E.D. Wis. 1993) ................. 6

*Mayo Foundation for Medical Educ. and Research v. United States*, 562 U.S. 44, 55-58 (2011) 12

*McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003) ................................................................ 7

*McGinness v. I.R.S.*, 90 F.3d 143, 146 (6th Cir. 1996) .................................................................. 8

*Oxford Capital Corp. v. United States*, 211 F.3d 280, 283 (5th Cir. 2000) ................................... 8

*Progressive Bank and Trust Co. v. Moore*, 1991 WL 55790 (E.D. La. 1991) ............................... 6

*Sartin v. EKF Diagnostics, Inc.*, 2016 WL 3598297 (E.D. La 2016) ............................................. 9

*Soriano v. United States*, 352 U.S. 270, 276 (1957) ...................................................................... 4

*Texas Commerce Bank-Fort Worth, N.A. v. United States*, 896 F.2d 152, 156 (5th Cir. 1990). 6, 7

*U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) .... 9

*United States v. Dalm*, 494 U.S. 596, 608 (1990) ...................................................................... 4, 5

*United States v. Testan*, 424 U.S. 392, 399 (1976) ........................................................................ 4

*Valley Finance, Inc. v. United States*, 629 F.2d 162, 168 (D.C. Cir. 1980) ................................... 8

*Wilkerson v. United States*, 839 F. Supp. 440, 442-43 (E.D. Tex. 1993) ...................................... 6

*Wittmann v. United States*, 869 F. Supp. 726, 731 (E.D. Mo. 1994) ............................................. 6

**Federal Statutes**

26 U.S.C. § 7426 ...................................................................................................................... 1-7, 9

26 U.S.C. § 7426(a) ..................................................................................................................... 2, 7

26 U.S.C. § 7430 ............................................................................................................................. 3

26 U.S.C. § 7432 ............................................................................................................................. 6

26 U.S.C. § 7433 ........................................................................................................... 2-7, 11, 12

26 U.S.C. § 7433(a) ........................................................................................................................ 5

26 U.S.C. § 7433(b) ................................................................................................................. 10, 12

Fed. R. Civ. P. 8(d)(2)-(3) ............................................................................................................. 12

Fed. R. Civ. P. 12(b)(1) ................................................................................................. 1, 5, 6, 9, 10

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 10, 12

Treas. Reg. §  301.7433-1(b) ........................................................................................................ 12

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| TONY AND MII'S, INC. § <br> TONY THANGSONGCHAROEN, and § <br> SOMNUEK THANGSONGCHAROEN § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Defendant. § | Case No. 3:17-cv-609-B <br><br> (Jury Trial Requested) |

<u>**UNITED STATES' MOTION FOR PARTIAL DISMISSAL AND BRIEF IN SUPPORT**</u>

The United States moves this Court for an Order, pursuant to Fed. R. Civ. P. 12(b)(1), and 12(b)(6), dismissing part of the claims against it in this case. Specifically, the United States moves for dismissal of all the individual Plaintiffs' claims. The United States also moves for dismissal the corporate Plaintiff's damages claims that relate to reputation loss, and the medical bills of individual Plaintiff, Tony Thangsongcharoen.

<u>**Summary of Argument**</u>

Tony Thangsongcharoen and Somnuek Thangsongcharoen (collectively, the "individual Plaintiffs") assert damage claims against the United States pursuant to 26 U.S.C. § 7433 for unauthorized collection and 26 U.S.C. § 7426 for wrongful levy. (Claims II-V in Complaint).[1]

---

1 Doc. #1, pg. 13 (¶¶46-50, "Tony's Claims Under 26 U.S.C. § 7433"), pg. 14 (¶¶51-55, "Somnuek's Claims Under 26 U.S.C. § 7433"), pg. 15, (¶¶56-60, "Tony's Claims Under 26 U.S.C. § 7426(h)"), pg. 16 (¶¶61-65, "Somnuek's Claims Under 26 U.S.C. § 7426(h)").

However, as a matter of law, the individual Plaintiffs are not the "taxpayers" with respect to the collection action that took place within the meaning of 26 U.S.C. § 7433. Rather, Tony and Mii's, Inc. (the "corporate Plaintiff"), is the entity against whom the liability was assessed, and the party whose inventory was seized and sold. Furthermore, the individual Plaintiffs have not adequately pled any interest in the property that was seized and sold – rather, as alleged by all Plaintiffs, the seized property was the property of the corporate Plaintiff. Thus, the individual Plaintiffs do not have standing to assert a wrongful levy (Section 7426) claim. Instead, this case should go forward with one claim for relief by one Plaintiff (i.e. the corporate plaintiff's Section 7433 claim). However, even then, some of the types of damages sought by the corporate Plaintiff are simply not authorized by law.

## Background

1. Three Plaintiffs filed suit against the United States related to alleged unlawful collection activity [Doc. #1]. The Plaintiffs include "Tony and Mii's, Inc." (the "corporate Plaintiff" [Doc. #1, ¶6], and its shareholders, Tony Thangsongcharoen and Somnuek Thangsongcharoen (the "individual Plaintiffs") [Doc. #1, ¶¶7-8].

2. The corporate Plaintiff makes damages claims, pursuant to 26 U.S.C. § 7433 for the following:

    a. $1,000,000 in economic damages for the loss of its inventory (allegedly valued at $615,000), and $500,000 with respect to its ongoing business [Doc. #1, ¶41];

    b. $7,834 in damages for the replacement costs of the property allegedly seized outside the scope of the Notice of Seizure and subsequently sold [Doc. #1, ¶42];

    c. $500,000 in "reputation damages" [Doc. #1, ¶43];

   d. $300,000 in medical bills that resulted from health complications of Tony Thangsongcharoen allegedly caused by the collection actions of the IRS [Doc. #1, ¶44].

3. The individual Plaintiffs make claims pursuant to both 26 U.S.C. §§ 7433 and 7426, for the following:

   a. $1,000,000 in economic damages from his interest in Mii's (e.g., his stock interest) that decreased in value allegedly because of the IRS collection activity [Doc. #1, ¶¶48, 53, 58, 63

   b. $300,000 for emotional distress and economic damages that resulted from health complications of Tony Thangsongcharoen allegedly caused by the collection actions of the IRS [Doc. #1, ¶¶49, 54, 59, 64

4. The collective Plaintiffs also request an award of attorney's fees pursuant to 26 U.S.C. § 7430 [Doc. #1, ¶¶66-67].

5. The individual Plaintiffs and the corporate Plaintiff allege that the IRS was collecting delinquent taxes from the corporate Plaintiff, Tony and Mii's, Inc. (or "Mii's", as used in the complaint) [Doc. #1, ¶¶16].   There is no allegation in the complaint or attached administrative claim that either individual Plaintiff had delinquent tax liabilities.

6. The individual Plaintiffs allege to have "an interest in" the seized property [Doc. #1, ¶¶57, 62].   However, they do not allege a direct interest in the seized corporate property, but rather clearly allege that the seized property belonged to the corporate plaintiff, Tony and Mii's, Inc. [Doc. #1, ¶¶17-19, 27, 41].

7. There is no allegation in the complaint that the corporate Plaintiff paid any of the medical expenses of its owner, Tony Thangsongcharoen, nor that it was legally required to reimburse him for the medical expenses paid by him.

## Law and Argument

**1. The Claims of the Individual Plaintiffs Should be Dismissed**

The individual Plaintiffs do not have standing to assert a cause of action under Section 7433, because the IRS was not collecting from them (but rather from their corporation, Tony and Mii's, Inc., the corporate Plaintiff). As such, they are not "taxpayers" within the meaning of Section 7433 and their claims should be dismissed.

The individual Plaintiffs also lack standing to assert a cause of action under Section 7426, as they were not the owners of the property that was seized (but rather, it was the property of their corporation, Tony & Mii's, Inc., the corporate Plaintiff). As such, they do not have an interest in the property within the meaning of Section 7426 and their claims should be dismissed.

### a. Sovereign Immunity

The "United States, as sovereign, is immune from suit, save as it consents to be sued … and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) *quoting United States v. Testan*, 424 U.S. 392, 399 (1976). Because sovereign immunity is jurisdictional in nature, Congress's waiver of it must be unequivocally expressed in statutory text and strictly observed. *Soriano v. United States*, 352 U.S. 270, 276 (1957); *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) *quoting F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Courts generally reject attempts by litigants to broaden the scope of a limited waiver of sovereign immunity. *See Soriano v. United States*, 352 U.S. 270, 276 (1957) ("limitations and conditions upon which the Government

consents to be sued must be strictly observed and exceptions thereto are not to be implied."); *Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied.  Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign.").

Here, although Sections 7433 and 7426 provide a limited waiver of sovereign immunity, the individual Plaintiffs cannot maintain a suit under either statute, because they do not have standing.  As such, the Court is without jurisdiction to entertain their claims, making dismissal under Fed. R. Civ. P. 12(b)(1) appropriate.  *Dalm*, 494 at 608.  Additionally, the individual Plaintiffs have not stated valid causes of action for these claims, making dismissal under Fed. R. Civ. P. 12(b)(6) appropriate as well.

### b. The Individual Plaintiff's Are Not the "Taxpayers," Within the Meaning of 26 U.S.C. § 7433

Section 7433 of the Internal Revenue Code (title 26 U.S.C.) generally provides relief to a taxpayer who has incurred damages as a result of the IRS' disregard of a statute or regulation related to the collection of taxes.  Section 7433 provides:

> **(a)** ***In general.***—If, in connection with any ***collection of Federal tax with respect to a taxpayer***, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, ***such taxpayer*** may bring a civil action for damages against the United States in a district court of the United States…

(emphasis added).  However, the reference to a "taxpayer" does not refer to any taxpayer.  Rather, section 7433(a) expressly limits relief to "such taxpayer" that was the subject of the collection activity (i.e. "in connection with any collection of Federal tax with respect to a taxpayer"), not merely one affected by the collection activity.  Specifically, as applied to 26

U.S.C. § 7433, courts have consistently rejected attempts to include as "taxpayers" a third-party allegedly injured by the purported wrongful IRS collection activity, as they have no standing to sue under Section 7433. *See Allied/Royal Parking L.P. v. United States*,[2] 166 F.3d 1000, 1003-04 (9th Cir. 1999) ("§ 7433(a) requires that [the plaintiff] be 'such taxpayer' from whom the IRS collected the tax…"); *Gessert v. United* States, 703 F.3d 1028, 1033-34 (7th Cir. 2013); *Wilkerson v. United States*, 839 F. Supp. 440, 442-43 (E.D. Tex. 1993).[3]

Rather, a third party (i.e. not the party with the delinquent tax liability) may sue under 26 U.S.C. § 7426,[4] which "affords the exclusive remedy for an innocent party whose property is confiscated by the IRS to satisfy another person's tax liability." *Texas Commerce Bank-Fort Worth, N.A. v. United States*, 896 F.2d 152, 156 (5th Cir. 1990). Here, the only taxpayer for purposes of a Section 7433 claim, is undoubtedly Tony and Mii's, Inc., the corporate Plaintiff. The complaint and attached administrative claim make clear that Tony and Mii's, Inc. was the taxpayer that owed delinquent taxes. The individual Plaintiffs make no claim that the IRS was

---

[2] In *Allied/Royal Parking L.P.*, the facts are similar to those presented here. The prospective plaintiffs (who were found not to have standing to assert a Section 7433 claim) were limited partners and officers of the entity against whom the tax was assessed (Allied/Royal Parking L.P.). *Id* at 1004.

[3] *See also Gass v. United States Dept. of Treasury*, 2000 U.S. App. LEXIS 13015, at *8 (10th Cir. 2000) (unpublished) ("third parties cannot rely on § 7433 for jurisdiction to challenge efforts to collect taxes owed by another"); *Progressive Bank and Trust Co. v. Moore*, 1991 WL 55790 (E.D. La. 1991); *Ferrel v. Brown*, 847 F. Supp. 1524, 1528 (W.D. Wash. 1993) *aff'd* 40 F.3d 1040 (9th Cir. 1994); *Wittmann v. United States*, 869 F. Supp. 726, 731 (E.D. Mo. 1994); *Matrix Development Corp. v. United States*, 815 F. Supp. 297, 301 (E.D. Wis. 1993); *Ludtke v. United States*, 84 F. Supp.2d 294, 299-300 (D. Conn. 1999) (collecting cases); *Ibraham v. United States*, 123 F. Supp.2d 408 (S.D. Oh. 2000) ("an innocent person whose property is seized to satisfy another's tax liability is limited to only an action for wrongful levy under § 7426" and is barred from claiming damages under §§ 7432 or 7433).

[4] In this case, the individual Plaintiffs have, in fact, brought claims under 26 U.S.C. § 7426, which are analyzed below.

collecting taxes assessed against them, or that they had a delinquent tax liability. As such, they lack standing to bring a claim under 26 U.S.C. § 7433, and such claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

> c. **The Individual Plaintiffs Do Not Have Standing to Assert a Claim Under 26 U.S.C. § 7426 As They Do Not Have an Interest In the Seized Property**

Section 7426(a) provides:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) *who claims an interest in or lien on such property* and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States…

26 U.S.C. § 7426 (emphasis added). Pursuant to the language of the statute, to bring a claim under Section 7426, the plaintiff must have "an interest in or a lien on" the levied property. Fifth Circuit case law clearly states the plaintiff must first show that it had an interest in, or lien on the property to establish standing,[5] for purposes of Section 7426, in order to: (1) state a cause of action, and (2) prove that the levy was wrongful. *Texas Commerce Bank-Fort Worth, N.A. v. United States*, 896 F.2d 152, 156 (5th Cir. 1990) ("In order to state a cause of action under [Section 7426], the plaintiff must show…that the plaintiff has an interest in or a lien on the property which is senior to the interest of the United States."); *Oxford Capital Corp. v. United*

---

[5] The question of "standing" is generally a threshold inquiry, and should be resolved at the outset of the case, if possible. *See e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 (1992) (referring to the "threshold standing inquiry"); *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003) ("The standing doctrine defines and limits the role of the judiciary and is a threshold inquiry to adjudication."); *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007) ("It is well established that standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit. We have stated numerous times that standing is a threshold inquiry that eschews evaluation on the merits.") (internal citations omitted).

*States*, 211 F.3d 280, 283 (5th Cir. 2000) ("To prove that a levy is wrongful, (1) a plaintiff must first show some interest in the property to establish standing, . . ."); *Century Hotels v. United States*, 952 F.2d 107, 109 (5th Cir. 1992) ("To prove the levy was wrongful, [plaintiff] was first required to make an initial showing of some interest in the funds, in order to have standing."). This "interest in or lien on such property" must be an interest such as a fee simple or equivalent interest,[6] a possessory interest,[7] or a security interest in the property levied upon, or a lien on the property at issue[8] – an unsecured interest is insufficient to confer standing. *Friedrich v. United States*, 985 F.2d 379, 382-83 (7th Cir. 1993); *McGinness v. I.R.S.*, 90 F.3d 143, 146 (6th Cir. 1996); *Valley Finance, Inc. v. United States*, 629 F.2d 162, 168 (D.C. Cir. 1980); *Aspinall v. United States*, 984 F.2d 355, 357-58 (10th Cir. 1993); *Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1005 (9th Cir. 1999); *Craig v. United States*, 89 F. Supp.2d 858, 862-63 (S.D. Tex. 1999). If the plaintiff cannot establish an interest in the property, the plaintiff does not have standing to challenge the levy and the case must be dismissed. *Craig*, 89 F. Supp.2d at 862.

Here, the individual Plaintiffs do not articulate what interest they had in the property that was levied (or, if such an interest was only to some of the property). To the contrary, all facts alleged by the corporate Plaintiff and the individual Plaintiffs confirm that the seized and sold inventory belonged to Tony and Mii's, Inc. To the extent that the individual Plaintiffs claim to

---

[6] The individual plaintiffs cannot make a claim that they were the owners of the inventory, as they clearly state numerous times that the inventory belonged to the corporate Plaintiff, Tony & Mii's, Inc. [Doc. #1, ¶¶17-19, 27, 41].

[7] The individual Plaintiffs cannot make a claim that they had a possessory interest in the inventory, as they clearly state that the IRS obtained an Order of Entry and seized the inventory from the business place of the corporate Plaintiff, Tony and Mii's, Inc. [Doc. #1, ¶¶27-28].

[8] The individual Plaintiffs have not alleged a security interest or lien on the seized inventory.

have an interest in the property for purposes of Section 7426 by virtue of their stock ownership of the corporate Plaintiff (*see* Doc. #1, ¶¶58, 63), they are incorrect. Because a corporation is a entity separate and distinct from its shareholders, ownership of its shares does not mean that a shareholder has an interest in the corporation's property for purposes of Section 7426. *Alexander v. I.R.S.*, 628 F. Supp. 433, 435 (D. De 1985).

Although the individual Plaintiffs allege they have "an interest in such property" (*see* Doc. #1, ¶¶57, 62) bare allegations to meet standing requirements (without particularized facts) are insufficient. *Kostamayer Construction, LLC v. Port Pipe & Tube, Inc.*, 2016 WL 6143075 (W.D. La 2016); *Bell v. American Traffic Solutions*, 371 Fed. Appx. 488, 491 (5th Cir. 2010); *Sartin v. EKF Diagnostics, Inc.*, 2016 WL 3598297 (E.D. La 2016) *see also U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("conclusory allegations .. will not suffice to prevent a motion to dismiss, and neither will unwarranted deductions of fact.") (internal citations and quotations omitted). This is true in a Section 7426 inquiry as well, where the plaintiff must come forward with evidence of an interest in the property. *Craig*, 89 F. Supp.2d at 862 ("Without any evidence of an interest in the property, the plaintiff does not have standing to challenge the levy and the case must be dismissed."), *citing Blakley v. United States*, 1996 WL 756538 (W.D. Tex. 1996) *aff'd* 137 F.3d 1349 (5th Cir. 1998). As such, the individual Plaintiffs' Section 7426 claim should be dismissed under Fed. R. Civ. P. 12(b)(1), or at a minimum, they should be required to re-plead and articulate how they purportedly have an interest in the corporation's seized property.[9]

---

[9] Perhaps, the individual Plaintiffs are claiming to have an interest in some of the seized property that was not part of the inventory (i.e. the $7,834 "replacement cost" claim for items allegedly taken outside the scope of the Notice of Seizure [Doc. #1, ¶42] ), as they state that "some of the

2. **The Court Should Dismiss Several of the Claimed Damages of the Corporate Defendant, Tony and Mii's, Inc.**

Several of the claimed damages of Tony and Mii's, Inc. are either legally insufficient as a matter of law (and subject to dismissal under Fed. R. Civ. P. 12(b)(6)), or specifically precluded by the accompanying Treasury Regulations (and subject to dismissal under Fed. R. Civ. P. 12(b)(1)).

    a. **Court should dismiss the corporate Plaintiff's claim for damages relating to the medical bills of Tony Thangsongcharoen**

Section 7433(b) provides that damages, upon a finding of liability, shall be the sum of "actual, direct economic damages *sustained by the plaintiff* as a proximate result" of the IRS collection activity. Here, both the corporate Plaintiff, and both individual Plaintiffs, claim that the IRS collection activity resulted in damages to each of them from the heart surgery and medical bills of Tony Thangsongcharoen [Doc. #1, ¶¶44, 49, 54, 59, 64].[10]

Leaving aside for now the obvious question of the proximate causation[11] of the allegedly wrongful IRS collection activity and the heart surgery, these "medical bills" damages must be

---

items were not even the property of Mii's…" Doc. #1, ¶37. However, the individual Plaintiffs do not allege to have had an interest in that property (simply that "some" of it did not belong to the corporate Plaintiff). Moreover, it would be highly unusual for the type of property listed in paragraph 37 (i.e. a Keurig machine, a TV, various gaming systems) to cause $1,000,000.00 in damages to the individuals. However, if that is what the individual Plaintiffs are indeed claiming, it has not been adequately alleged.

[10] While this claim may belong to Tony Thangsongcharoen himself, the United States, as shown above, believes that he is not a proper plaintiff to this suit.

[11] Although the United States is skeptical at this time whether Mr. Thangongcharoen can prove that his heart condition was caused by the IRS seizure/sale, it will require substantial discovery (including potentially invasive discovery into the medical history of Mr. Thangongcharoen), and, likely expert witness testimony. Because the United States wishes to avoid protracted and costly discovery on an issue that is not properly before the Court, the United States makes this request now, rather than at the summary judgment stage.

dismissed as a claim by the corporate Plaintiff, as they were not an injury sustained by it, but rather by the individual Plaintiff, Tony Thangsongcharoen, himself.  Where a claim fails to show injury sustained by the plaintiff itself, the claim is properly dismissed.  *See e.g., Gessert v. United States*, 703 F.3d 1028, 1034 (7th Cir. 2013) (affirming dismissal of Section 7433 claim where it was found that the plaintiffs did not sustain an injury).  There is no allegation in the complaint or attached administrative claim that the corporate Plaintiff paid the medical bills, was liable for the medical bills, or that it was somehow legally obligated to reimburse its shareholder for his medical bills.  As such, they were not damages "sustained by the plaintiff" within the meaning of Section 7433.

To the extent that the corporate Plaintiff claims that its business suffered as a result of the loss of Tony Thangsongcharoen as a functioning officer of the corporation, as it appears to [Doc. #1, ¶44], it has already made a separate claim for lost profits with respect to its ongoing business [Doc. #1, ¶41].  Recovery for the corporate Plaintiff of the medical bills of its owner (which affected the corporation in alleged loss of profits), and a recovery of lost profits themselves, would be duplicative.  However, even if a portion of the allegedly lost profits relate to Mr. Thangsongcharoen's heart condition, the proper measure of damages (to the corporation) would be the lost profits related to the absence of its owner rather than the medical bills themselves, and recovered as part of its "lost ongoing business" damages claim.  In short, either the alleged damages to the corporation from Tony Thangsongcharoen's heart condition are already incorporated in the corporations' "ongoing business" claim, or they were not a damage incurred by the corporation.  In either event, the claim for the medical bills themselves must be dismissed as the corporation has not pled any basis for the Court to award them as damages to the

corporation. As such, the corporate Plaintiff's claim for the medical bills of Tony Thangsongcharoen should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### b. The Court Should Dismiss Tony and Mii's, Inc's Claim for Reputation Damages As They Are Barred by Applicable Treasury Regulations

As stated above, Section 7433(b) limits the damages a plaintiff can receive to the sum of "actual, direct economic damages sustained by the plaintiff as a proximate result" of the IRS collection activity. Treas. Reg. § 301.7433-1(b)[12] clarifies that "Injuries such as inconvenience, emotional distress and *loss of reputation* are compensable only to the extent that they result in actual pecuniary damages." (emphasis added). However, here the corporate Plaintiff requests $500,000 in loss of reputation damages [Doc. #1, ¶43]. However, no plaintiff alleges that this reputation loss resulted in actual pecuniary damage.

Finally, to the extent that the corporate Plaintiff alleges that the "loss of reputation" affects its profitability, it has already made a claim for the loss of its ongoing business (and a claim for damages in the amount of the inventory).[13] However, it has not pled, in any way, how its loss of reputation resulted in actual pecuniary damages. Accordingly, the request for reputation loss damages is barred by applicable treasury regulations.

---

[12] Treasury regulations have the force of law and are entitled to *Chevron* deference. *See generally Mayo Foundation for Medical Educ. and Research v. United States*, 562 U.S. 44, 55-58 (2011).

[13] These two forms of relief (damages for the sold inventory, and damages for lost profits) are likely duplicative as well (i.e. business profits can only be obtained from the selling the inventory). However, the Federal Rules of Civil Procedure do not prohibit inconsistent or alternative claims at this stage. Fed. R. Civ. P. 8(d)(2)-(3).

## CONCLUSION / PRAYER

For the reasons stated above, Counts II-V, the individual Plaintiffs' damages claims, should be dismissed because they are barred by sovereign immunity, lack subject matter jurisdiction, and the individual Plaintiffs do not have standing to assert these claims. Further, Count I, the corporate Plaintiff's damages claim, should have those parts of that claim for damages arising from medical bills of Tony Thangsongcharoen and for the loss of reputation dismissed.

/s/ Curtis C. Smith
CURTIS C. SMITH
State Bar No. AZ 026374
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9734
(214) 880-9741 (fax)
Curtis.C.Smith@usdoj.gov

ATTORNEYS FOR UNITED STATES

CERTIFICATE OF SERVICE

      It is hereby certified, that on May 1, 2017, I filed the foregoing using the Clerk's ECF system which will serve an electronic copy on the following:

Jason B. Freeman
Freeman Law, PLLC
2595 Dallas Parkway, Suite 420
Frisco, Texas 75034
      Counsel for all plaintiffs


      /s/Curtis C. Smith
      CURTIS C. SMITH