UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Tony and Mii's, Inc., <br> Tony Thangsongcharoen, and <br> Somnuek Thangsongcharoen, <br><br> Plaintiffs v. <br><br> The United States of America, <br><br> Defendant. | § § § § § § § § § § § | <br><br><br><br><br> Case No. 3:17-cv-609-B <br><br> Jury Trial Demanded |

**PLAINTIFFS' RESPONSE TO UNITED STATES' MOTION TO STRIKE JURY DEMAND AND BRIEF IN SUPPORT**

The plaintiffs are entitled to a jury trial. They are seeking the "recovery of . . . tax[es] alleged to have been erroneously or illegally . . . collected" or a "sum alleged to have been . . . wrongfully collected under the internal-revenue laws." The government admits that an IRS agent documented that an inventory of over 1,600 wedding dresses had a listed retail value in excess of $615,000 (possibly over $1 million); that the agent described that inventory as in "new and . . . good condition" and as "in retail sell condition;" and that the agent then internally valued that inventory at $6,000 to justify a "perishable goods" seizure. The government further admits, in its answer, and evidence will show, that an officer purchased seized assets. The officer was a seizing officer, and this purchase was then covered up by false documentation, casting doubt about the validity of other purported purchases and the value obtained for the "auctioned" assets. These allegations, and the numerous other allegations contained in the Complaint, unmistakably seek the recovery of amounts that were wrongfully collected, thereby giving rise to a right to a jury trial.

1

**Argument**

The Plaintiffs' right to a jury trial derives not from the Seventh Amendment, but from statute. 28 U.S.C § 2402 provides that "any action against the United States under section 1346(a)(1) shall, at the request of either party to such action, be tried by the court with a jury." 28 U.S.C. § 2402. The Plaintiffs, in their Complaint, have alleged and pled that this Court has jurisdiction under 28 U.S.C. § 1346. (Compl. ¶ 10.) Section 1346(a)(1) describes the following claims:

> <u>Any civil action</u> against the United States <u>for the *recovery* of</u> any internal-revenue tax alleged to have been <u>erroneously</u> or <u>illegally</u> assessed or <u>collected</u>, or any penalty claimed to have been collected without authority or <u>any sum alleged to have been</u> excessive or <u>in any manner wrongfully collected under the internal-revenue laws</u>[.]

28 U.S.C. § 1346(a)(1) (emphasis added). In light of this language, the Fifth Circuit has expressly recognized that:

> Section 2402 provides that 'any action against the United States under section 1346(a)(1) shall, at the request of either party to such action, be tried by the court with a jury.' 28 U.S.C. § 2402. In *Lehman,* the [Supreme] Court recognized that § 2402 is an exception to Congress' usual practice of not permitting jury trials in actions against the United States.

*Info. Res. v. United States*, 996 F.2d 780, 783 n.4 (5th Cir. 1993) (citing *Lehman v. Nakshian*, 453 U.S. 156, 161 n. 8 (1981)).

Sections 1346(a)(1) and 2402 affirmatively grant a right to a jury trial. The language of § 1346(a)(1) unambiguously encompasses the claims alleged here; it would require a strained reading to find otherwise. At the same time, § 7433 does not deny a jury trial;[1] it simply does not speak to the issue, leaving the subject to §§ 1346 and 2402, which do. Where, as here, a plaintiff seeks the "recovery of . . . tax[es] alleged to have been erroneously or illegally . . . collected" or a

---

[1] Nor, for that matter, does § 7426(h).

2

"sum alleged to have been . . . wrongfully collected under the internal-revenue laws," it is entitled to a jury.[2]

The government rests its argument on *Information Resources v. United States*, 996 F.2d 780. (United States Mtn. to Strike Jury Demand, Doc. No. 13, p. 2.) That case is not only distinguishable, but as quoted above, it supports the right to a jury. While the *Information Resources* court refused to grant a jury trial in that particular case, it did not involve an action to *recover* any improperly collected taxes. Instead, it involved a taxpayer who voluntarily paid a tax, but argued that the IRS subsequently issued an erroneous notice of tax lien that negatively impacted its business. The taxpayer, in other words, did not dispute the assessment, nor did he claim that any amount had been improperly collected.

In that case, the taxpayer originally owed a tax debt. The taxpayer's representative met with the IRS, and the IRS allegedly promised not to file a notice of federal tax lien or institute an enforced collection action if the taxpayer paid its outstanding taxes by a certain date. *Info. Res. v. United States*, 996 F.2d 780, 781 (5th Cir. 1993). Despite the alleged agreement, however, an IRS revenue officer initiated the process to file a notice of federal tax lien before that date. *Id.* The taxpayer, true to the alleged agreement, delivered a check to the IRS fully paying the taxes. *Id.* The IRS agent accepted the check but did not attempt to prevent the filing of the notices of federal

---

[2] The jury serves as an important institutional safeguard. If the facts alleged in this case are ultimately proven, they will establish remarkably egregious acts of government overreach and bad faith. It is difficult to imagine that legislators would have intended to remove this most important institutional check against such behavior in this context, particularly in light of § 1346(a)(1)'s language referring to "tax[es] . . . illegally . . . collected" or "sum[s] alleged to have been . . . wrongfully collected." This background may color the interpretation of the language of § 1346(a)(1). While most government acts are performed with unquestionable integrity and good faith, there are unfortunately exceptions to the rule. Accountability is the only mechanism to ensure that acts like those at issue here remain the exception. In addition, the plaintiffs here have more than alleged remarkably egregious acts; they have, even at the pleading stage, tendered substantial and extensive documentation and evidence of those acts. It would prove antithetical to the most fundamental tenets of our notions of democracy, accountability, and limited federal government to find that they are not entitled to have a jury hear their claims, particularly in light of the language of § 1346(a)(1).

tax lien, and those notices were indeed filed the following day even though the taxpayer had voluntarily fully paid the tax. *Id.*

The taxpayer therefore brought a claim alleging that the IRS erroneously filed liens on its property and failed to timely release those liens. *Id.* Importantly, however, the taxpayer "d[id] not seek to recover amounts collected by the IRS," *id.* at 784, but instead alleged that the IRS's erroneous lien caused it to lose a lucrative business deal. *Id.* at 781. The court found that under those circumstances, the taxpayer's claim did not fall under § 1346(a)(1) and that it was not entitled to a jury trial. *Id.* at 783-84. In so holding, the court found the fact that no amount had been wrongfully collected to be decisive:

> But § 1346(a)(1) involves actions to *recover* internal revenue taxes, penalties, or other sums alleged to have been wrongfully assessed or collected. Information Resources does not seek to recover amounts collected by the IRS. Rather, it seeks damages for lost profits caused by the IRS's filing of a lien and failure to timely release that lien. We [therefore] reject Information Resources's attempt to obtain a jury trial pursuant to 28 U.S.C. §§ 1346(a)(1) and 2402.

*Information Resources* is distinguishable from the case before this Court. Unlike the taxpayer in that case, the Plaintiffs here seek to *recover* amounts alleged to have been wrongfully collected by the IRS. *Id.* ("§ 1346(a)(1) involves actions to *recover* internal revenue taxes, penalties, or other sums alleged to have been wrongfully assessed or collected.") The plaintiffs have clearly alleged that the IRS wrongfully assessed and collected amounts. Those claims fall squarely within § 1346(a)(1). *See id.*; 28 U.S.C. 1346(a)(1) ("any sum alleged to have been . . . in any manner wrongfully collected under the internal-revenue laws.")

Fifth Circuit precedent therefore supports the plaintiffs' right to a jury trial to the extent a plaintiff seeks to recover amounts wrongfully collected. Moreover, the cases cited by the government outside of the Fifth Circuit are not applicable. *Sylvester v. United States*, 978 F. Supp. 1186, 1192 (E.D. Wisc. 1997), for example, actually *granted* the plaintiff a jury trial on the claims

that he adequately pleaded (the other claim was tried at the same time to the court). It has no applicability here, however, because, as that court pointed out, it involved a challenge to an "assessment," not a "collection," of tax. *Id.* at 1189.[3] Next, the government cites *Harriman v. United States*, No. 96-CV-3670 (JS), 2009 U.S. Dist. LEXIS 23438 (E.D.N.Y. 2009). In that case, the court found that the plaintiff had not even alleged a claim under 7433, making the case inapplicable. *Id.* at *1. Notably, however, that court also *granted* a jury trial where the claim fell under § 1346(a)(1). *Id.* (citing *Information Resources v. United States*, 996 F.2d 780, 783 (5th Cir. 1993) and stating that "Plaintiff is entitled to a jury trial on her claim pursuant to 28 U.S.C. § 1346(a)(1) for a refund.") (also stating, at *5, "Plaintiff will receive a jury trial on her Section 1346 claims, and such trial will be limited to the amount of taxes illegally or erroneously collected.").

The next case cited by the government, *In re Hook*, No. 1:07-CV-00876 BSJ, 2008 U.S. Dist. LEXIS 73380 (D. Colo. 2008) (also cited as 2008 WL 4424811), arose in the context of a dismissal for bringing an action in bankruptcy court, not district court. *Id.* at *4 ("the Bankruptcy Court ruled that a bankruptcy court is not a 'district court of the United States' within the meaning of 26 U.S.C. § 7433 [such claims must be brought in a district court of the United States], and that it lacked subject matter jurisdiction over the debtors' damages claims against the United States footed upon that statute.") The case is not applicable.

In *Towe Antique Ford Foundation v. IRS*, 999 F.2D 1387 (9th Cir. 1993), the court found that there was no jury trial available because the particular claim was only pursuant to 28 U.S.C. 1346(e), but indicated that if the claim had been alleged to arise under 1346(a)(1), the plaintiff

---

[3] *Sylvester v. United States*, 978 F. Supp. 1186, 1189 (E.D. Wisc. 1997) ("[T]he harm must relate to the collection -- not the assessment -- of a federal tax. Section 7433 . . . regulates how the IRS may collect tax liabilities and gives citizens a remedy when the IRS does not follow those regulations. By the statute's plain language, it does not apply to reckless or intentional disregard of statutes or regulations in the *assessment* of a federal tax.") (emphasis added)

would have been entitled to a jury. *See id.* at 1395 ("TAFF makes no allegation that its action arises under section 1346(a)(1)."). Here, however, the taxpayers allege that their claims arise under § 1346(a)(1). The next case cited by the government, *Walker v. Anderson*, 76 F.3d 390 (9th Cir. 1996), involved a foreclosure suit—suits that the court noted "were historically equitable" in nature. The court further noted that no right to a jury existed in that case because "both the underlying claim [of the taxpayer] and remedy sought were equitable." *Walker v. Anderson*, No. 95-35252, No. 95-35256, 1996 U.S. App. LEXIS 2294, at *4 (9th Cir. 1996) (citing *Towe*). That case is therefore inapplicable. The next case cited by the government, *Knies v. United States*, Case No. 90-C-237, 1993 U.S. Dist. LEXIS 1052 (E.D. Wis. 1993), involved only a section 7426 claim, not a section 7433 claim, and the taxpayer did not purport to bring the action under § 1346(a)(1). *Id.* at *3, *5-6 ("The current action is not brought against the government under section 1346(a)(1), but under section 1346(e) . . . . Accordingly, Mrs. Knies is not entitled to a jury trial . . . .") Finally, the last case cited by the government, *Wersetsky v. United States*, 1979 U.S. Dist. LEXIS 8281, involved a § 7426 case dismissed for complete lack of jurisdiction because the suit was not brought by a proper party. The case did not address a § 7433 action and contained no analysis of any of the issues raised here.

As demonstrated above, the cases cited by the government outside of the Fifth Circuit are either inapplicable or unpersuasive here. They are, in any event, not controlling. Instead, the unambiguous language of § 1346(a)(1) and the holding and reasoning of Fifth Circuit precedent demonstrate that the plaintiffs are entitled to a jury.

## Conclusion

For the foregoing reasons, the plaintiffs are entitled to a jury. Respectfully, the government's motion should therefore be denied.

                Respectfully submitted,

                          By: /s/ Jason Freeman
                          Jason B. Freeman
                          TX Bar # 24069736

                          Freeman Law, PLLC
                          2595 Dallas Parkway, Suite 420
                          Frisco, Texas 75034
                          Telephone: 214.984.3410
                          Fax: 214.984.3409
                          Jason@freemanlaw-pllc.com

                          **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May 2017, I filed the foregoing pleading via the Court's CM/ECF system, which will send electronic notice to all counsel of record.

By: /s/ Jason B. Freeman
Jason B. Freeman