UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Tony and Mii's, Inc., | § | |
| Tony Thangsongcharoen, and | § | |
| Somnuek Thangsongcharoen, | § | |
| | § | |
| Plaintiffs          v. | § | Case No. 3:17-cv-609-B |
| | § | |
| The United States of America, | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' RESPONSE TO UNITED STATES' MOTION FOR PARTIAL DISMISSAL AND BRIEF IN SUPPORT**

The Court should deny the government's motion to dismiss (1) the individual plaintiffs' claims under 26 U.S.C. § 7426 and (2) Mii's damage claims that relate to losses incurred as a result of loss of reputation and health complications.  The individual plaintiffs have standing to bring claims under § 7426 and have adequately pleaded such claims.  And the damages sought by Mii's, the corporate plaintiff, are specifically authorized by statute and regulation.

**I.      The Individual Plaintiffs' Claims**

Rule 8 of the Federal Rules of Civil Procedure provides that a plaintiff must provide a "short and plain statement" of the grounds for its claim, and "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. Pro. 8(a).  In the context of a Rule 12(b)(1) or (6) motion, a court presumes that all well-pleaded allegations are true, resolves all reasonable doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party.  *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The pleading party is not required to make "detailed factual allegations," *see Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), nor is it required to make evidentiary-level factual showings. *See Fowler v. UPMC Shadyside*, 478 F.3d 203, 213 (3d Cir. 2009).

### A. The Individual Plaintiffs' § 7433 Claims

The individual plaintiffs do not dispute the government's contention that their proper vehicle for this suit is under § 7426, not § 7433, to the extent that the government maintains that the IRS was not seeking to collect any tax or assets from the individual plaintiffs. As the government represents that the IRS was not seeking to collect any tax or assets from the individual plaintiffs, the individual plaintiffs do not press their § 7433 claims further herein. (*See* United States Mtn. for Partial Dismissal, p. 4 ("the IRS was not collecting from them [the individuals] (but rather from their corporation, Tony and Mii's, Inc., the corporate Plaintiff[].")))

### B. The Individual Plaintiffs' § 7426 Claims

The individual plaintiffs' claims under § 7426 are validly pleaded. The government contends that the individuals' § 7426 claims should be dismissed because the plaintiffs must "show" or "establish" that they had an interest in the seized property to establish standing. The individual plaintiffs, however, *have* claimed an interest in seized property and thus have standing to bring § 7426 claims. Moreover, the government's contention would place an improper burden on the plaintiffs, requiring them to make an evidentiary showing at the pleading stage that is more akin to the burden that they must satisfy to ultimately *prevail* on such claims.

First, the individual plaintiffs have claimed an interest in seized property. *E.g.,* Compl. ¶ 3 ("Armed agents then seized the inventory from Mii's owners"); Compl. ¶ 17 ("Mii's inventory was entirely paid for, and, in effect, was the life savings of Mii's owners."); Compl. ¶ 37 ("the IRS . . . seiz[ed] and s[old] property that did not belong to Miis"); Compl. ¶ 37 ("some of the

items were not even the property of Mii's"); Compl. ¶ 57 ("Tony has suffered economic damages . . . due to the IRS's . . . illegal sale of the seized goods, *in which he had an interest.*") (emphasis added); *see also* ¶ 62; Compl. ¶ 59 (Government actions "caused further damage . . . to the *value of his interest* in Mii's and the inventory."); *see also* Compl. ¶ 64.   The individual plaintiffs' § 7426 claims extend to the wrongful seizure of property that was not corporate property, and they are thus proper plaintiffs.

Should the Court feel that the allegations contained in the Complaint are not sufficient in this respect, the Court should not dismiss the § 7426 claims, but should require the plaintiffs to replead with greater specificity.   However, the plaintiffs note that the primary purpose of a pleading is to provide notice to the other party of the claim and to set forth a claim that is plausible.   Fed. R. Civ. Pro. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).   The government's motion to dismiss, itself, indicates that the government understands, and has fair notice of, the individual plaintiffs' claims.   (*See, e.g.,* United States Mtn. for Partial Dismissal, p. 9 n. 9.)   Thus, further pleadings or allegations would not seem necessary or appropriate at this time.

Moreover, at this stage and for purposes of the government's motion for partial dismissal, the pleadings should be read in the light most favorable to the individual plaintiffs, and any inferences therefrom should be resolved in their favor.   In the context of a Rule 12(b)(6) motion to test the sufficiency of a pleading, a court presumes that all well-pleaded allegations are true, resolves all reasonable doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party.   *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).   The pleading party is not required to make "detailed factual allegations," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), nor is it required

to make evidentiary-level factual showings. *See Fowler v. UPMC Shadyside*, 478 F.3d 203, 213 (3d Cir. 2009).

The government, however, appears to ask the Court to impose a burden on the plaintiffs at the pleading stage that would require the individual plaintiffs to make detailed factual allegations and evidentiary-level factual showings in order to survive a motion to dismiss.  This standard is not consistent with Rule 8 or the case law cited above.  Nor do the cases cited by the government (for the proposition that a plaintiff must first prove or show that it had an interest in the property) address or speak to the issue *at the pleading stage*. *Tex. Commerce Bank-Ft. Worth, N.A. v. United States*, 896 F.2d 152, 154 (5th Cir. 1990) (summary judgement stage); *Oxford Capital Corp. v. United States*, 211 F.3d 280, 283 (5th Cir. 2000) (following judgment); *Century Hotels v. United States*, 952 F.2d 107, 108 (5th Cir. 1992) (decision following trial); *Craig v. United States*, 89 F. Supp. 2d 858, 859 (S.D. Tex. 1999) (following trial).  In other words, these cases do not stand for the proposition that a plaintiff must make any heightened showing at the pleading stage.  Rather, they speak to later stages of the proceedings where it is clear that a plaintiff bears a burden of proof.  Those cases, in other words, address "proving" a claim—not adequately pleading a claim. *See e.g., Oxford Capital Corp. v. United States*, 211 F.3d 280, 283 (5th Cir. 2000) ("To prove that a levy is wrongful . . . ." ); *Century Hotels v. United States*, 952 F.2d 107, 108 (5th Cir. 1992) ("To prove the levy was wrongful . . . .").

The individual plaintiffs' claims under § 7426 should, therefore, go forward and are properly pleaded.  The individual plaintiffs have alleged a direct interest in property that was wrongfully seized.  They are not required to marshal all evidence of that interest at this stage of the proceedings.  However, should the Court feel that the plaintiffs' § 7426 claims are not adequately pleaded, the plaintiffs request leave to amend their pleadings.

Moreover, while not directly an issue at this juncture, the individual plaintiffs further note that their damages are not limited to the value of the wrongfully-seized property in which they had an interest.  In a suit under § 7426 involving "a finding" of reckless or intentional violations by the IRS, damages extend to the direct economic damages suffered by a plaintiff as a result of the reckless or intentional disregard of "any" governing provision.    Section 7426(h) provides as follows:

> Notwithstanding subsection (b), if, in any action brought under this section, there is a finding that any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregarded any provision of this title the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000 in the case of negligence) or the sum of—
>
> (A)  actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent disregard of any provision of this title by the officer or employee (reduced by any amount of such damages awarded under subsection (b)); and
>
> (B)  the costs of the action.

§ 7426(h)(1).  Under this provision, damages are not limited to the value of the wrongfully-seized property, but to the lesser of $1,000,000 or the actual, direct economic damages that proximately resulted from a finding of an intentional or reckless violation in the case. This interpretation is reinforced by the Regulations. *See* Treas. Reg. § 301.7426-2(a)(1) (distinguishing between actual direct economic damages and damages awarded under § 301.7426-1(b) for the value of property wrongfully seized).

Where, as here, a plaintiff has a § 7426 claim (because some property in which they held an ownership interest was wrongfully seized) and "there is a finding that any officer or employee of the Internal Revenue Service recklessly or intentionally . . . disregarded any provision [of the Code]," then the plaintiff is entitled to damages up to the lesser of $1,000,000 or the "actual, direct economic damages sustained by the plaintiff" as a result of that disregard.  For instance, if a

plaintiff is a shareholder in a corporation that was wrongfully levied against (in a levy that involved, in part, the improper levying of some of the shareholder-plaintiff's property), and there is a finding of reckless or intentional IRS conduct, then damages under § 7426(h) could equal the loss in the value of that shareholder's stock in the corporation (or other amounts, such as medical costs) if that loss constitutes "actual, direct economic damages" caused by the wrongful IRS conduct.

## II.      The Damage Claims of the Corporate Plaintiff

### A. Mii's has Adequately Pleaded Damages to Mii's Reputation that Resulted in Actual Pecuniary Damages

The statute and the regulations make clear that damages for loss of reputation are compensable in a § 7433 action to the extent that a plaintiff proves that they resulted in actual pecuniary damages.  Such damages, in other words, are not prohibited by the governing statute and regulations; they are explicitly provided for.  Section 7433(b) provides that:

> [U]pon a finding of liability on the part of the defendant [United States], the [United States] shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of—
>
> **(1)** actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and
>
> **(2)** the costs of the action.

§ 7433(b).  The Treasury Regulations define "actual, direct economic damages" as follows:

> Actual, direct economic damages are actual pecuniary damages sustained by the taxpayer as the proximate result of the reckless or intentional, or negligent, actions of an officer or an employee of the Internal Revenue Service. Injuries such as inconvenience, emotional distress and loss of reputation <u>are compensable [but] only to the extent that they result in actual pecuniary damages</u>.

Treas. Reg. § 301.7433-1(b)(1).

Mii's *does* allege that the reputation damages caused by the IRS resulted in actual

pecuniary damages.  Its claim is not for the reputation damages standing alone.  Those damages are a component of the economic damages that it seeks.  Compl. ¶¶ 41, 43, 45.  Paragraphs 41, 43, and 45 of the Complaint should be read together.  Mii's also pleaded such damages separately out of an abundance of caution, *see, e.g.,* Compl. ¶ 43, to ensure that the basis and rationale for economic damages was adequately pleaded.

In interpreting pleadings at this stage, the Court should resolve all reasonable doubts and inferences in favor of Mii's, the pleading party, and should view the pleading in the light most favorable to Mii's, the non-moving party.  *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  And as the government acknowledges, the Federal Rules specifically allow for inconsistent and alternative claims.  Fed. R. Civ. P. 8(d)(2)-(3).

Mii's seeks $1,000,000 in economic damages because that is the statutory cap.  However, economic damages exceeded $1,000,000 and were attributable to several bases.  In part, Mii's has pleaded that over $500,000 of damages it seeks were to its ongoing business, ¶ 41, and *those* pecuniary damages resulted, in part, from damages to Mii's reputation.  ¶ 43.  For instance, customers and referring vendors became aware that Mii's no longer had any inventory after the seizure and that it could not perform alterations because the sewing machine and related equipment owned by its shareholder were seized.  Mii's submits, however, that it is not required to plead in this level of granular detail.

Mii's further submits that it has adequately pleaded actual pecuniary damages resulting from damages to its reputation.  Should the Court decide that Mii's has not adequately pleaded this basis for damages, it submits that the proper course of action is for the Court to direct Mii's to amend its Complaint to make such pleading clear.

**B. Mii's has Adequately Pleaded Actual, Pecuniary Damages Resulting From Health Complications Caused by Wrongful IRS Conduct**

In its Complaint, Mii's seeks "economic damages *that resulted from health complications caused by the unlawful actions of the IRS*." Compl. ¶ 44. As Mii's has pleaded, the IRS's wrongful actions resulted in medical bills "*and further damages to its business*." Compl. ¶ 44. Mii's has not limited its damage theory or measure to the amount of the medical bills; it has, instead, pleaded that it is entitled to actual pecuniary damages that resulted from the health complications caused by the IRS's wrongful actions. Mii's will have the burden to prove such damages and causation. Those damages extend to economic damages such as damages from the loss of, or progressive loss in productivity of, a key employee. For instance, Mii's has pleaded over $500,000 of damages to its ongoing business, ¶ 41, and *those* pecuniary damages resulted, in part, from the referenced health complications. Compl. ¶ 44. Such damages have been adequately pleaded.

**III.    Conclusion**

In light of the foregoing arguments, the Court should deny the government's motion for partial dismissal.

Respectfully submitted,

By: /s/ Jason Freeman
Jason B. Freeman
TX Bar # 24069736

Freeman Law, PLLC
2595 Dallas Parkway, Suite 420
Frisco, Texas 75034
Telephone: 214.984.3410
Fax: 214.984.3409
Jason@freemanlaw-pllc.com

**ATTORNEY FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May 2017, I filed the foregoing pleading via the

Court's CM/ECF system, which will send electronic notice to all counsel of record.

By: /s/ Jason B. Freeman
Jason B. Freeman