## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| TONY AND MII'S, INC. § <br> TONY THANGSONGCHAROEN, and § <br> SOMNUEK THANGSONGCHAROEN § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Defendant. § | Case No. 3:17-cv-609-B <br><br> (Jury Trial Requested) |

## UNITED STATES' REPLY IN SUPPORT
## OF ITS MOTION FOR PARTIAL DISMISSAL

The United States replies in support of its Motion for Partial Dismissal [Doc. #14], and would show as follows:

**1. The Individual Plaintiffs Concede Their § 7433 Claim Should be Dismissed**

There is no dispute that the individual Plaintiffs do not have a valid claim under 26 U.S.C. § 7433, as they are not the "taxpayers" within the meaning of the statute [Doc. #16, pg. 2, Sec. A]. As such, their claims should be dismissed.

**2. The Individual Plaintiffs Have Not Stated a Valid Cause of Action, as They Have Still Not Articulated What Interest they Have in the Inventory**

Plaintiffs contend that their Section 7426 claims have been adequately pled, as they have conclusorily claimed to have an interest in the corporate Plaintiff's inventory. They are incorrect.

To state a cause of action, the individual Plaintiffs must show an interest in or lien on the property. *Texas Commerce Bank-Fort Worth, N.A. v. United States*, 896 F.2d 152, 156 (5th Cir. 1990) ("***In order to state a cause of action*** under [26 U.S.C. § 7426], the plaintiff must show …

that the plaintiff has an interest in or a lien on the property which is senior to the interest of the United States.") (emphasis added); *see also Century Hotels v. United States*, 952 F.2d 107, 109 ("To prove levy was wrongful, [plaintiff] was first required to make an initial showing of some interest in the funds, in order to have standing."). For pleading purposes, the individual Plaintiffs should at least be required to state what their alleged interest is. The citations provided by Plaintiffs in their response do not explain what interest the individual Plaintiffs have in the seized and sold inventory [Doc. #16, pgs. 2-3]. In some of these citations (for example, Plaintiff's reference to ¶ 37 of their Complaint), the individual Plaintiffs do not claim to have any interest in the property, only that the corporate Plaintiff allegedly did not own some of the seized and sold goods.

The United States agrees that Plaintiffs are not required to "marshal all evidence" at this stage. Rather, they must simply state what their interest in the property is. As Plaintiffs correctly point out, they may plead inconsistently or in the alternative. *See* Fed. R. Civ. P. 8(d)(2), (3). However, they must factually allege what their interest in the property is (not merely that they have one).

Put simply, it is not an undue burden to require plaintiffs to state their interest in the property. If they are contending that they are the owners of the seized inventory, or some[1] of the seized inventory, or that they have a lien on the property, they may plead accordingly. However, conclusory allegations that the individual Plaintiffs have an "interest" in the property are insufficient to bring a cause of action under 26 U.S.C. § 7426.

---

[1] From their response, it appears that the individual Plaintiffs will claim to have an ownership interest in "some" of the seized property [Doc. #16, pg. 5 ("Where, as here, a plaintiff has a § 7426 claim (***because some property in which they held an ownership interest*** was wrongfully seized…")].

Last, Plaintiffs incorrectly appear to contend that they are requesting **both** the value of the items and damages resulting therefrom in their Section 7426(h) damages claim [Doc. #16, pg. 5-6]. 26 U.S.C. § 7426(a) and (b)[2] provide a cause of action for the return of the value of items erroneously taken. However, Plaintiffs did not bring suit pursuant to Section 7426(a) and (b), but rather subsection (h). This is not merely a *pro forma* distinction. Normal wrongful levy suits, brought under subsections (a) and (b) must be brought within nine months from the date of the IRS collection activity. *See* 26 U.S.C. § 6532(c)(1); *EC Term of Years Trust v. United States*, 550 U.S. 429 (2007). Plaintiffs did not bring suit within that time, but rather brought suit under subsection (h) which has a longer statute of limitations (i.e. two years). Treas. Reg. § 301.7426-2(f). Accordingly, they may not seek a return of the value of the items allegedly erroneously taken, but rather are limited only to damages resulting from the allegedly wrongful collection activity.

### 3. The Corporate Plaintiffs "Reputation" Damages Should be Dismissed as it is Already a part of the Corporate Plaintiff's "Ongoing Business" Damages Claim

The corporate Plaintiff claims its "reputation damages" must "be read together" with other paragraphs, and states that pleading it separately was done out of an "abundance of caution" [Doc. #16, pg. 7]. As explained thoroughly by the corporate Plaintiff itself, the allegedly wrongful collection action resulted in claimed damages of $500,000 to the ongoing business of

---

[2] Subsection (a)(1) provides for a cause of action. Subsection (b)(2) provides the remedies available to a district court, which includes a return of the property, or its value, or, it's fair market value. 26 U.S.C. § 7426(b)(2)(A)-(C).

the corporate Plaintiff, and "*those* pecuniary damages resulted, in part,[3] from damages to Mii's reputation." [Doc. #16, pg. 7].

The United States does not object to the pleading of the damages to the ongoing business of Mii's (which may include reputation damages to the extent that they resulted in pecuniary loss). However, in its Complaint, the corporate Plaintiff asked for $500,000 in damages to its ongoing business [Doc. #1, ¶41], *and,* in a separate request for relief, $500,000 for damages to its reputation [Doc. #1, ¶43].  This stand-alone claim for reputation damages is exactly the kind of damages that are specifically *not* allowed by Treas. Reg. § 301.7433-1(b)(1).  To the extent the reputation damages is a stand alone claim for relief, it must be dismissed.  To the extent the reputation damages are only a portion of the corporate Plaintiff's "ongoing business" damages claim (which Plaintiff appears to now claim), then they may be pursued as part of its "ongoing business" damages claim and a pecuniary loss must be proven as a result.

4. **The Corporate Plaintiffs "Medical Complications" Damages Should be Dismissed as it is Already a part of the Corporate Plaintiff's "Ongoing Business" Damages Claim**

In its Complaint, the corporate Plaintiff sought $500,000 with respect to its ongoing business [Doc. #1, ¶ 41].  In a separate request for damages, the corporate Plaintiff requests $300,000 with respect to the "health complications" to Tony Thangsongcharoen [Doc. #1, ¶44]. Similar to the above analysis regarding "reputation damages," Mii's now claims that its request for damages resulting from "health complications" relate to (and constitute, in part) the "ongoing business" damages claim [Doc. #16, pg. 8] ("For instance, Mii's has pleaded over $500,000 of damages to

---

[3] However, it is confusing how the "ongoing business" damages claim can be composed, in part, of "reputation damages", when the alleged amount is exactly the same (i.e. $500,000).

its ongoing business, ¶ 41, and *those* pecuniary damages resulted, in part, from the referenced health complications.").

If true, there is no need for the "health complications" claim to be a separate request for damages. The corporate Plaintiff has failed (both in its Complaint, and now in its response) to show or even allege how the corporate Plaintiff itself was damaged by the health complications of Tony Thangsongcharoen separate and apart from its already pled "ongoing business" damages claim. As the "ongoing business" damages claim has already been brought, the separate claim for "health complications" should be dismissed.

## Conclusion / Prayer

For the reasons stated above, the United States requests that the Court dismiss the claims of the individual Plaintiffs relating to their Section 7433 claims; dismiss (or require re-pleading) of the individual Plaintiffs' Section 7426(h) claims; and dismiss the corporate Plaintiff's claim for reputation damages and the damages relating to the medical complications of Tony Thangsongcharoen.

/s/ Curtis C. Smith
CURTIS C. SMITH
State Bar No.  AZ 026374
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9734
(214) 880-9741 (fax)
Curtis.C.Smith@usdoj.gov

ATTORNEYS FOR UNITED STATES

Case 3:17-cv-00609-B   Document 17   Filed 06/01/17   Page 6 of 7   PageID 131

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified, that on June 1, 2017, I filed the foregoing using the Clerk's ECF system which will serve an electronic copy on the following:

Jason B. Freeman
Freeman Law, PLLC
2595 Dallas Parkway, Suite 420
Frisco, Texas 75034
Jason@freemanlaw-pllc.com

    Counsel for all Plaintiffs

                               /s/Curtis C. Smith
                               CURTIS C. SMITH