IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY AND MII'S, INC. <br> TONY THANGSONGCHAROEN, and <br> SOMNUEK THANGSONGCHAROEN <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | § § § § § § § § § § § § § § Case No. 3:17-cv-609-B <br><br> (Jury Trial Requested) |

**UNITED STATES' REPLY IN SUPPORT
OF ITS MOTION TO STRIKE JURY DEMAND**

The United States replies in support of its Motion to Strike Jury Demand [Doc. #13], and would show as follows:

**Summary of Argument**

The Plaintiffs are incorrect in their assertion that they are entitled to a jury trial in this action based on 28 U.S.C. §§ 2402 and 1346(a)(1). While a plaintiff may have a right to a jury trial in a refund suit, this is not a refund suit. The Plaintiffs have not brought a refund suit as a cause of action. Rather, the Plaintiffs have brought multiple claims for damages against the United States for allegedly unauthorized collection activity of the IRS. An action for damages is not an action to recover taxes collected within the meaning of § 1346(a)(1). The Fifth Circuit has considered, and rejected, the Plaintiffs' interpretation of the relevant statutes. Thus, what Plaintiff is asking the Court to do, is disregard controlling Fifth Circuit precedent without a single example of a court (anywhere) finding a right to a jury trial in an action brought under 26 U.S.C. §§ 7433 or 7426.

## Facts

The Plaintiffs in this action have brought multiple claims against the United States.  First, the corporate Plaintiff, Tony and Mii's, Inc., brought an action under 26 U.S.C. § 7433, seeking $1,000,000 in damages for allegedly unauthorized collection activity [Doc. #1, ¶¶40-44].[1]  The individual Plaintiffs, Tony Thangsongcharoen and Somnuek Thangsongcharoen brought actions seeking $1,000,000 in damages, each, for allegedly unauthorized collection activity under 26 U.S.C. § 7433[2] [Doc. #1, ¶¶46-50, 51-55], and damages for wrongful levy under 26 U.S.C. § 7426(h) [Doc. #1, ¶¶ 56-60, 61-65].

None of the Plaintiffs in this suit have alleged that they have filed an administrative claim for a refund as set forth in 26 U.S.C. § 7422, or that they have full paid the assessment.  The causes of action brought by the Plaintiffs in their complaint are for damages relating to the IRS collection activity.  There are no causes of action pled for the return or refund of any taxes paid or collected.

## Argument

The Plaintiffs contend that they are entitled to a jury trial pursuant to 28 U.S.C. § 2402, as they allegedly fit within the exception provided by 28 U.S.C. § 1346(a)(1).  They are incorrect.

---

[1] *See* Doc. #1, ¶40 ("[Mii's] has suffered economic **damages**…"); ¶41 ("Mii's seeks $1,000,000 in economic **damages**…"); ¶42 ("Mii's seeks $7,834 in **damages** for the replacement costs of the property seized outside the scope of the Notice of Seizure…"); ¶43 ("Mii's seeks loss of reputation **damages** of $500,000…"), ¶44 (Finally, Mii's seeks damages of $300,000 in economic **damages** that resulted from health complications…").

[2] The individual Plaintiffs have conceded that they may not bring suit under 26 U.S.C. § 7433, and that such claims should be dismissed [Doc. #16, pg. 2, A].

28 U.S.C. 2402 provides:

> Subject to chapter 179 of this title, any action against the United States under section 1346 shall be tried by the court without a jury, except that any action against the United States under section 1346(a)(1) shall, at the request of either party to such action, be tried by the court with a jury.

Thus, it is undisputed[3] that if the Plaintiffs' action does not fit within 28 U.S.C. 1346(a)(1), they are statutorily barred from a jury.  28 U.S.C. § 1346 provides:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

Accordingly, the only question is whether the Plaintiffs' damages claims are encompassed within section 1346(a)(1).  As shown below, they do not.

### 1. The Language in 28 U.S.C. § 1346(a)(1) Refers to a Refund Suit

The language in 28 U.S.C. § 1346(a)(1) refers to a refund suit (i.e. a ***civil action*** for the ***recovery*** of taxes, penalties, or other sums collected).  *Mathes v. Comm'r*, 576 F.2d 70, 71 (5th Cir. 1978) ("For a taxpayer to obtain a trial by jury, he must pay the tax allegedly owed and sue for a refund in district court."); *Sylvester v. United States*, 978 F. Supp. 1186, 1192 (E.D. Wisc. 1997) (rejecting the plaintiff's request for a jury trial in a § 7433 action because "[u]nder 28 U.S.C. § 2402, a plaintiff has a right to a jury only in a refund suit"); *Harriman v. United States*, 2009 WL 789435 (E.D. New York) ("…by the enactment of 28 U.S.C. § 2402, Congress

---

[3] Plaintiffs do not allege multiple bases for a jury trial.  Rather, Plaintiffs' say that their alleged right to a jury trial "derives not from the Seventh Amendment, but from [28 U.S.C. § 2402]." [Doc. #15, pg. 2].

expressly permitted jury trials in actions by taxpayers for a refund pursuant to 28 U.S.C. § 1346(a)(1)").[4]  The Supreme Court has analyzed the legislative history of sections 2402 and 1346(a)(1), and concluded that Congress clearly intended these sections to be applied narrowly and exclusively to refund suits because recoveries would be limited to the amount of taxes collected.  *Lehman v. Nakshian*, 453 U.S. 156 161 n.8 (1981).  A broad (and Congressionally rejected) reading of section 1346(a)(1) could cause juries to be "overly generous because of the virtually unlimited ability of the Government to pay the verdict." *Id*.  Thus, the Supreme Court has directly addressed, and rejected, Plaintiffs' argument that Congressional intent favors a finding of a jury trial in any situation other than a refund suit.  *Compare* Doc. 15, fn2.

   2.  **The Plaintiffs Have Not Brought a Refund Suit in this Action**

In Plaintiffs' response, they allege that they have sought a recovery of taxes in their complaint.[5]  Plaintiffs are incorrect.  They have not brought a refund suit.  A plain reading of the complaint reveals that the IRS seized and sold inventory of the corporate Plaintiff to satisfy a $31,422 tax debt [Doc. #1, ¶16].  The IRS received "roughly" $17,000 [Doc. #1, ¶26].  None of the Plaintiffs' claims for relief sought a return of the $17,000 collected.  Rather, the plaintiffs are collectively seeking millions of dollars in damages.  This drastic difference between the tax collected and amounts sought in the complaint demonstrate conclusively that this is not a refund suit.

---

[4] *See also Matrix Development Corp. v. United States*, 815 F. Supp. 297, 300 (E.D. Wisc. 1993) ("Section 1346(a)(1)…is commonly known as the 'tax refund statute'…").

[5] Doc. #15, pg. 1 ("They are seeking the 'recovery of …tax[es] alleged to have been erroneously or illegally … collected"); ("These allegations, and the numerous other allegations contained in the Complaint, unmistakably seek the recovery of amounts that were wrongfully collected…"); pg. 2 ("Where, as here, a plaintiff seeks the 'recovery of … tax[es]…").

Moreover, a refund suit has specific requirements. First, the taxpayer must full pay the assessments it wishes to contest. *Flora v. United States*, 362 U.S. 145, 177 (1960). Additionally, a taxpayer must file an administrative claim for refund prior to filing suit. 26 U.S.C. § 7422. Last, the taxpayer can only recover funds within three years from the time the return was filed, or two years from the time the tax was paid (whichever is later). 26 U.S.C. § 6511. None of those requirements have been met.[6]

However, even when a plaintiff brings a valid cause of action for a refund (which the Plaintiffs have not done in this case) in connection with a section 7433 damages suit, a jury would only be available to the plaintiff on its claim for a refund – not its damages' actions. *See e.g., Gandy v. United States*, 2005 WL 1324706 (E.D. Texas 2007) ("A jury heard the refund claims and sat in an advisory capacity over the damages claims."), *Sylvester v. United States*,[7] 978 F. Supp. 1186, 1192 (E.D. Wisc. 1997) ("Under 28 U.S.C. § 2402, a plaintiff has a right to a jury only in a refund suit. Sylvester has a right to a jury on counts one through three. Count four [section 7433] involves the IRS's collection practices, not a tax refund. Therefore, Sylvester has no right to a jury and must try that claim to the court at the same time he tries counts one through

---

[6] The Plaintiffs never full paid the assessments, nor did they file a claim for refund (as their claim was specifically limited to a request for damages). Last, even if they file a claim now (and then, eventually, a suit), they are beyond the statute of limitations in 26 U.S.C. § 6511 as more than two years has passed since the IRS seized and sold the inventory of Tony and Mii's.

[7] In their response, the Plaintiffs allege that *Sylvester* is inapplicable, as the *Sylvester* plaintiff's 26 U.S.C. § 7433 damages claim was dismissed because it related to the assessment (not the collection) of taxes [Doc. #15, pg. 4-5]. However, the response omits that the plaintiff in *Sylvester* filed an Amended Complaint, which the court found adequate for pleading purposes (i.e. the plaintiff had alleged violations of IRS collection practices, and had alleged sufficient facts to comply with the statute of limitations). *See Sylvester v. United States*, 978 F. Supp. 1186, 1191 (E.D. Wisc. 1997). This also makes intuitive sense – the court would not rule on whether the plaintiff was entitled to a jury on a section 7433 damages claim it had already dismissed.

three to the jury."); *Harriman v. United States*[8], 2009 WL 789435 (E.D. New York 2009) ("Thus, Plaintiff is entitled to a jury trial on her claim pursuant to 28 U.S.C. § 1346(a)(1) for a refund… Plaintiff would not be entitled to a jury trial on any claims brought pursuant to 26 U.S.C. § 7433 and 7434").

### 3. The Language in Section 1346(a)(1) Does Not Refer to a Suit for Damages

The language in section 1346(a)(1) does not refer to a suit for damages. Rather, section 1346(b) specifically deals with actions for money damages for injury or loss of property – and as such, precludes a jury as set forth in 28 U.S.C. § 2402. Courts, including the Fifth Circuit, have analyzed and rejected the argument that a damages lawsuit should be seen as an action under section 1346(a)(1). The Fifth Circuit has clearly distinguished between a lawsuit for damages, and one for the recovery of taxes (i.e. a refund suit). *Information Resources, Inc. v. United States*, 996 F.2d 780, 783-84 (5th Cir. 1993) ("Information Resources does not seek to recover amounts collected by the IRS. Rather, it seeks damages for lost profits caused by the IRS's filing of a lien and failure to timely release that lien."); *see also Crowd Management Services, Inc. v. United States*, 36 F.3d 1102 (9th Cir. 1994) (Unpublished) ("Nothing in the language of section 1346(a)(1) permits a claim for damages under section[] … 7433").

The Plaintiffs' attempt to save their jury demand by pointing out that they made allegations in the complaint that the tax wrongly assessed and, consequently, that the money was wrongly collected [Doc. #15, pg. 3-4]. However, such allegations are insufficient and irrelevant.

---

[8] Plaintiffs allege that the *Harriman* case should be disregarded because the court "found that the plaintiff had not even alleged a claim under 7433, making the case inapplicable." [Doc. #15, pg. 5]. The response omits, however, that the court ordered the *pro se* plaintiff to indicate to the court where she had made a § 7433 within 10 days. Thus, the court's ruling regarding whether she had a right to a jury trial under 28 U.S.C. §§ 2402 and 1346(a)(1) was made assuming the plaintiff may be a viable § 7433 claim.

First, Section 1346(a)(1), by its plain language, requires a "civil action" to recover the taxes (i.e. a refund suit) – not merely allegations in the complaint that the tax was wrongly assessed. Moreover, even if the corporate Plaintiff was wrongly assessed (which it was not), such allegations would not be actionable in a Section 7433 action. *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994); *Gandy Nursery, Inc. v. United States*, 412 F.3d 602, 607 (5th Cir. 2005). As such, unless and until the Plaintiffs bring a proper refund suit, they cannot request a return of the collected tax, and consequently, are not permitted a jury trial under 28 U.S.C. §§ 2402 & 1346(a)(1).

**4. The Language in 28 U.S.C. § 1346(a)(1) Does Not Refer to a Wrongful Levy Suit**

The Plaintiffs do not appear to directly address the United States' contentions with regard to the Plaintiffs' wrongful levy cause of action under 26 U.S.C. § 7426(h).[9] All civil actions listed in 28 U.S.C. § 1346 (other than the exception of § 1346(a)(1)), are barred from a jury trial pursuant to 28 U.S.C. § 2402. As stated previously, a wrongful levy claim (section 7426) is specifically listed in 28 U.S.C. § 1346(e). Thus there should be no dispute that Plaintiffs' wrongful levy claims, brought under 26 U.S.C. § 7426(h), cannot be heard by a jury.

Conclusion / Prayer

For the reasons stated above, the United States requests that the Court strike the Plaintiffs' jury demand.

---

[9] As stated in the United States' Motion to Dismiss, the wrongful levy claims should be dismissed, as the Plaintiffs do not have an interest in the levied property, but rather, as pled by the Plaintiffs, it was the property of the corporate plaintiff, Tony & Mii's, Inc.

/s/ Curtis C. Smith
CURTIS C. SMITH
State Bar No.  AZ 026374
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9734
(214) 880-9741 (fax)
Curtis.C.Smith@usdoj.gov

ATTORNEYS FOR UNITED STATES

CERTIFICATE OF SERVICE

It is hereby certified, that on May 1, 2017, I filed the foregoing using the Clerk's ECF system which will serve an electronic copy on the following:

Jason B. Freeman
Freeman Law, PLLC
2595 Dallas Parkway, Suite 420
Frisco, Texas 75034
Jason@freemanlaw-pllc.com

    Counsel for all Plaintiffs

                                 /s/Curtis C. Smith
                               CURTIS C. SMITH