UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| TONY AND MII'S, INC., TONY THANGSONGCHAROEN, and SOMNUEK THANGSONGCHAROEN | § |  |
|---|---|---|
| Plaintiffs, | § |  |
| v. | § | CIVIL ACTION NO. 3:17-CV-0609-B |
| THE UNITED STATES OF AMERICA | § |  |
| Defendant. | § |  |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Partial Dismissal. Doc. 14. For the reasons that follow, the Court **GRANTS in part and DENIES in part** Defendant's motion.

## I.

## BACKGROUND[1]

This dispute arises from the Internal Revenue Service's (IRS) seizure and sale of assets to satisfy an alleged tax delinquency. Plaintiffs Tony and Somnuek Thangsongcharoen owned and operated a boutique bridal store called Tony and Mii's (Mii's). Doc. 1, Pls.' Compl., ¶ 17. Mii's is also a plaintiff in this case. In March 2015, IRS agents seized the store's inventory and sold it at auction because Mii's allegedly owed $31,422.46 in back taxes. *Id.* ¶¶ 16,19. According to Plaintiffs, the IRS

---

[1]The Court draws its factual account from the initial pleadings as well as the parties' briefing on the Motion at issue. Any contested fact is identified as the allegation of a particular party.

agents intentionally erroneously classified the inventory as perishable goods in order to avoid the prescribed public notice and waiting period that accompanies the seizure and sale of other goods. *Id.* ¶¶ 19–20. Instead, Plaintiffs claim, Mii's inventory was sold at private auction for far less than market value only four hours after the assets were seized. *Id.* ¶ 28. Plaintiffs also allege that the IRS agents seized items besides those authorized to be seized. *Id.* ¶ 37. Allegedly, the IRS's actions resulted in economic damages so severe that Mii's was unable to recover and is no longer in operation. *Id.* ¶ 40.

Plaintiffs filed suit under 26 U.S.C. §7433, which allows damages for unauthorized collection actions, and 26 U.S.C. §7426 (h), which allows damages for wrongful levy. *Id.* ¶¶ 15–65.[2] The United States then filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 14, Def.'s Mot. to Dismiss. The United States moved to dismiss the Thangsongcharoens' §7433[3] and §7426 claims and Mii's' requests for health-related and reputation damages related to its §7433 claim. *Id.* The United States' motion is ripe for review.

## II.

## LEGAL STANDARD[4]

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

---

[2]Plaintiffs also filed suit under 26 U.S.C. §7430, Doc. 1, Pls.' Compl., ¶¶ 66–67, but Defendant does not challenge that claim.

[3]The Plaintiffs agree in their response to Defendant's motion to drop the Thangsongcharoens' claims under §7433. Doc. 16, Pls.' Resp., 2. Therefore, those claims are **DISMISSED** with prejudice.

[4]The United States argues the Thangsongcharoens' claims under §7426 should be dismissed based on Rules 12(b)(1) and 12(b)(6). The outcome of the §7426 (h) claims under both Rules turns on whether the plaintiffs have asserted an interest in the seized property. The Court finds the standard under Rule 12(b)(6) more helpful to making this determination and thus does not depend on Rule 12(b)(1). Therefore, the Court need not provide the legal standard for Rule 12(b)(1).

8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged — but it has not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

A. *The Thangsongcharoens' Claims Under §7426(h)*

The plaintiffs claim that they have "suffered economic damages in excess of $1,000,000 due to the IRS's intentional, reckless, or negligent collections and illegal sale of the seized goods, in which [they] had an interest." Doc. 1, Pls.' Compl., ¶ 57; *see also id.* ¶ 62. The United States alleges that

a plaintiff must state what interest he has in levied property in order to state a claim under §7426(h) and that Plaintiffs have failed to adequately plead what interest they had in the assets seized from Mii's. Doc. 14, Def.'s Mot. to Dismiss, 7–9; Doc. 17, Def.'s Reply, 1–3. The Thangsongcharoens respond that they have adequately pleaded their interest in the assets seized and that the United States has asked the Court to require an improper evidentiary standard for the pleading stage. Doc. 16, Pls.' Resp., 2–4.

Section 7426 provides that when "a levy has been made on property or property has been sold pursuant to a levy . . . any person . . . who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States." 26 U.S.C. §7426 (a)(1). "In order to state a cause of action under this provision, the plaintiff must show: (1) that a levy has been filed against property in plaintiff's hands, (2) that plaintiff has an interest in or a lien on the property which is senior to the interest of the United States, and (3) that the levy was wrongful." *Tex. Commerce Bank-Fort Worth, N.A. v. United States*, 896 F.2d 152, 156 (5th Cir. 1990); *see also Oxford Capital Corp v. United States*, 211 F.3d 280, 283 (5th Cir. 2000); *Century Hotels v. United States*, 952 F.2d 107, 109 (5th Cir. 1992).

The plaintiffs claim that the cases cited above and relied upon by the defendant are inapplicable because they address §7426 claims past the pleading stage. Doc. 16, Pls.' Resp., 4. Therefore, the cases' requirement that a plaintiff prove his interest in the property seized is inapposite to the disposition of this case. *Id*. Plaintiffs are correct that a plaintiff need not prove his interest in seized property at the pleading stage. *See* Fed. R. Civ. P. 8(a)(2). But a plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp,* 550 U.S. at 570. "[C]onclusory statements do not suffice." *Ashcroft*, 556 U.S. at 678.

Plaintiffs claim that they have met this burden because they state in their complaint that: (1)"Mii's inventory . . . in effect, was the life savings of Mii's owners;" (2)"the IRS . . . seiz[ed] and s[old] property that did not belong to Mii's;" (3) "some of the items were not even the property of Mii's;" (4) "Tony has suffered economic damages . . . due to the IRS's . . . sale of the seized goods, in which he had an interest;" and (5) the IRS's actions "caused further damage . . . to the value of his interest in Mii's and the inventory." Doc. 1, Pls.' Compl.,¶¶ 17, 37, 57, 59. Read in the light most favorable to the plaintiffs, the first statement could imply that the Thangsongcharoens initially purchased Mii's' inventory, but the complaint also several times states that the inventory at the time of seizure belonged to Mii's. *See id.* ¶¶ 19, 27, 41. The second and third statements demonstrate only that some of the property seized did not belong to Mii's; they do not demonstrate that the inventory belonged to the Thangsongcharoens. The fourth and fifth statements are conclusory assertions. To the extent the fifth statement indicates that Tony's interest in the property seized derives from his stock holdings in Mii's,[5] a shareholder does not have the kind of interest required by §7426 when corporate property is seized. *Inversiones Losaco S.A. v. United States*, No. CIV. A. 92-3487, 1993 WL 30025, at *2 (E.D. La. Feb. 3, 1993); *Alexander v. I.R.S.*, 628 F. Supp. 433, 435 (D. De 1985). Therefore, because the plaintiffs have not adequately pleaded that they have an interest in the property seized, their claims under §7426 are **DISMISSED** without prejudice.[6]

---

[5] The plaintiffs also explicitly state that they have a stock interest in Mii's. *See* Doc. 1, Pls.' Compl.,¶¶ 58, 63.

[6] Because Plaintiffs may re-plead their §7426 (h) claims, the Court declines to address at this time the parties' arguments about what damages the plaintiffs may seek under §7426(h). Further, as noted in Section B, this type of argument is best reserved for a later stage of the litigation.

B.  *Mii's Claims for Health-Related and Reputation Damages*

Mii's asserts several claims for damages stemming from wrongful collection under 26 U.S.C. §7433. It seeks $300,000 in damages resulting from Mr. Thangsongcharoen's health issues, which were allegedly caused by the IRS's actions. Doc. 1, Pls.' Compl. ¶ 44. Mii's claims these damages include Mr. Thangsongcharoen's medical bills "and further damage to its business" because Mr. Thangsoncharoen was unable to help Mii's recover financially while he was ill. *Id*. Mii's also asserts $500,000 in loss-of-reputation damages. *Id.* ¶ 43. The United States argues that Mii's cannot assert either of these damages claims because the health-related damages are either damages not sustained by Mii's or are duplicative of other damages claims, and that the loss-of-reputation damages are barred by Treasury Regulation §301.7433-1(b)(1)(noting that loss-of-reputation damages are "compensable only to the extent that they result in actual pecuniary damages"). Doc. 14, Def.'s Mot. to Dismiss, 10–12; Doc. 17, Def.'s Reply, 3–5.

It is most appropriate to address the particular damages available to a plaintiff at later stages of a case. At the pleadings stage, if damages are a required element to a plaintiff's claim, the plaintiff must plead only that he has incurred damages. Fed. R. Civ. P. 8(a)(3). Here, Mii's seeks damages "in excess of $615,000 with respect to its inventory, and over $500,000 with respect to its ongoing business." Doc. 1, Pls.' Compl., ¶41. Although it is unclear the extent to which its loss-of-reputation and health-related damages claims overlap with its other damages claims, a plaintiff, as Defendant points out, is not required to plead consistent damages claims. Fed. R. Civ. P. 8(d)(3). Thus, Plaintiffs have satisfied their burden to plead the relief sought. The Court declines at this juncture to address Defendant's arguments that some of Plaintiffs' damage claims should be dismissed.

## IV.

## CONCLUSION

For these reasons, the Court **GRANTS in part and DENIES in part** Defendant's Motion for Partial Dismissal. Doc. 14. Plaintiff may file an amended complaint no later than **Friday, December 22, 2017** that addresses the deficiencies discussed herein.

**SO ORDERED.**

    **SIGNED: November 28, 2017.**

                                             _____
                                             JANE J. BOYLE
                                             UNITED STATES DISTRICT JUDGE