IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| TONY AND MII'S, INC. <br> TONY THANGSONGCHAROEN, and <br> SOMNUEK THANGSONGCHAROEN <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 3:17-cv-609-B <br><br> (Jury Trial Requested) |

### UNITED STATES' ANSWER TO AMENDED COMPLAINT

The United States answers the Plaintiffs' Complaint as follows:

### Affirmative Defenses

1. The United States affirmatively pleads that the 26 U.S.C. § 7426 claims of individual Plaintiffs Tony Thangsongcharoen and Somnuek Thangsongcharoen (and the relief they seek) are barred by the doctrine of variance, sovereign immunity, lack of subject matter jurisdiction, and lack of standing.

2. The United States affirmatively pleads that medical bills damages claims and reputation damages of corporate Plaintiff Tony & Mii's, Inc. are barred by a lack of a waiver of sovereign immunity, lack of subject matter jurisdiction, and lack of standing.

3. The United States affirmatively pleads that the 26 U.S.C. § 7426 claims of individual Plaintiffs Tony Thangsongcharoen's and Somnuek Thangsongcharoen's are barred by

applicable statute of limitations to the extent they seek any relief set forth in 26 U.S.C. § 7426(b).

### Answer

1. With respect to paragraph 1, the United States admits that the stated statutes form the basis of the Plaintiffs' Complaint, but denies that all Plaintiffs have standing to assert these claims, and denies that employees of the IRS acted with reckless, intentional, and/or negligent disregard of a statute or regulation of the Internal Revenue Code.

2. With respect to paragraph 2, the United States admits that the inventory was seized and sold pursuant to 26 U.S.C. § 6336, which allows goods seized by the IRS to be sold in a streamlined procedure if the IRS determines that seized property is liable to perish, *or* become greatly reduced in price or value by keeping, *or* that such property cannot be kept without great expense.  The United States admits that a revenue officer wrote down the amounts listed on the retail price tags during one of her initial visits, and admits that she noted the condition as being "new and … good condition."  The United States denies all remaining allegations in paragraph 2.

3. With respect to the first sentence of paragraph 3, the United States admits that IRS Revenue Officers, agents for the IRS Property Appraisal and Liquidation Specialists seized and sold the inventory of Tony and Mii's, Inc.  The United States admits that agents for TIGTA ("Treasury Inspector General for Tax Administration"), and Dallas police officers provided security and protection for the Revenue Officers and Property Appraisal and Liquidation Specialists.  The United States admits that the TIGTA agents and the Dallas police officers were armed.  The United States denies the remaining allegations in the first and second sentence of paragraph 3.  With respect to the third

sentence, the United States denies that any IRS or TIGTA employees bid or purchased at the sale, but admits that an off-duty Dallas Police Officer in plain clothes bid on and purchased one small item. The United States denies the allegations in the fourth, fifth and sixth sentences of paragraph 3. The United lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3.

4. With respect to paragraph 4, the United States admits that the Plaintiffs state a general description of the statute, but denies that the description is complete or fully accurate.

5. With respect to paragraph 5, the United States admits that the Plaintiffs state a general description of the statute, but denies that the description is complete or fully accurate.

6. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6.

7. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7.

8. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8.

9. The United States admits the allegations contained in paragraph 9.

10. With respect to paragraph 10, the United States denies that this Court has jurisdiction over the claims of Tony Thangsongcharoen and Somnuek Thangsongcharoen. The United States further denies that 26 U.S.C. § 7433 provides any potential relief to Tony and Mii's, Inc. on its claims for reputation damages, and the payment of the medical bills of Tony Thangsongcharoen.

11. The United States admits the allegations contained in paragraph 11.

12. The United States admits the allegations contained in paragraph 12.

13. With respect to paragraph 13, the United States denies that that the administrative claim and Complaint are timely with respect to Tony Thangsongcharoen and Somnuek Thangsongcharoen claims under 26 U.S.C. § 7426.  The United States admits the allegations of paragraph 13 as applied to Plaintiff, Tony & Mii's, Inc.

14. The United States admits the allegations of paragraph 14.

### Mii's Claims Under 26 U.S.C. § 7433

15. With respect to paragraph 15, the United States admits that Plaintiffs have filed an action under 26 U.S.C. § 7433, but denies the remainder of the allegations.

16. With respect to paragraph 16, the United States admits that approximately $31,422.46 was owed to the IRS by Tony and Mii's, Inc., for taxes related to the 2005, 2008 and 2010 tax years at the time of the seizure and sale.  The United States lacks knowledge or information sufficient to form a belief about the truth of the exact dollar figure cited by the Plaintiffs, because the amount owed changed daily because of accruing interest.

17. The United States admits the truth of the allegations contained in the second sentence of paragraph 17.  The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17.

18. With respect to paragraph 18, the United States admits that Tony and Mii's, Inc. had an inventory of over 1,600 dresses and related wear, but denies that it had a value in excess of $615,000.  The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18.

19. With respect to paragraph 19, the United States admits it seized and sold inventory of Tony and Mii's, Inc. on March 4, 2015, pursuant to 26 U.S.C. §  6336, and further alleges

that Section 6336 applies assets other than "perishable goods." The United States denies the remainder of the allegations in paragraph 19.

20. With respect to paragraph 20, the United States admits that the Plaintiffs have summarized the law, but denies that Plaintiffs' summary is complete or accurate. The United States further denies that Section 6335 applied to this case. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20.

21. With respect to paragraph 21, the United States admits that 26 U.S.C. § 6336 is an alternative procedure available to the IRS to conduct a sale of certain seized property, but denies that the remainder of the Plaintiff's summary of that law is complete or accurate. The United States denies the remaining allegations.

22. The United States denies the allegations in paragraph 22.

23. With respect to paragraph 23, the United States admits that an IRS revenue officer inspected the inventory prior to the seizure, and made notes about the prices listed on the price tags. The United States admits that the Plaintiffs correctly cite portions of notes of the IRS revenue officer describing the inventory. The United States denies the remaining allegations.

24. With respect to paragraph 24, the United States admits that the IRS revenue officer assigned to this case initially did not believe the entire inventory would be seized, but denies the remaining allegations.

25. With respect to paragraph 25, the United States denies the first sentence. As to the second sentence, the United States admits that a portion of the email is quoted, denies that the context and substance of the communication is accurately alleged, and denies that

the email was an IRS directive. The United States admits the revenue officer stated that a Section 6336 sale was the resolution where the government would benefit the most, but denies that such notes were meant to set forth the applicable criterion for invoking a 26 U.S.C. § 6336 sale. The United States denies the remainder of paragraph 25.

26. With respect to paragraph 26, the United States admits that the IRS employee tasked with selling the inventory ultimately placed a value of $10,000 on the inventory, with a forced-sale value of $6,000. The United States further admits that the Section 6336 sale brought in "roughly" $17,000. The United States denies the remainder of paragraph 26.

27. With respect to paragraph 27, the United States admits that on March 4, 2015, government agents seized and sold Tony and Mii's, Inc.'s inventory. The United States admits that it presented Tony and Mii's, Inc.'s owners with a written notice on the day of the seizure and sale, which required them to provide a check for $10,000 to avoid the sale of the inventory, pursuant to the requirements of 26 U.S.C. § 6336(1). The United States denies the last sentence in paragraph 27. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third and fourth sentences, and denies the remaining allegations of paragraph 27.

28. The United States denies the allegations contained in paragraph 28.

29. With respect to paragraph 29, the United States admits that the seizure and sale of the inventory resulted in proceeds of approximately $17,000. The United States denies that the inventory was worth more than $615,000, and denies the last sentence in paragraph 29. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29.

30. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30.

31. The United States denies the allegations contained in paragraph 31.

32. The United States denies the allegations contained in paragraph 32.

33. The United States denies the allegations contained in paragraph 33.

34. The United States denies the allegations contained in paragraph 34.

35. The United States denies the allegations contained in paragraph 35.

36. The United States denies the allegations contained in paragraph 36.

37. The United States admits the second sentence of paragraph 37. The United States admits that the items listed in the third sentence were seized and sold. The United States lacks knowledge or information sufficient to form a belief about whether the items were property of Tony and Mii's, Inc.. The United States denies the remaining allegations contained in paragraph 37.

38. The United States lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 38.

39. The United States denies the allegations contained in paragraph 39.

40. The United States denies the allegations contained in paragraph 40.

41. The United States lacks knowledge or information sufficient to form a belief about the first sentence in paragraph 41. The United States denies the second sentence in paragraph 41.

42. The United States denies the allegations and relief sought in paragraph 42.

43. The United States denies the allegations and relief sought in paragraph 43.

44. The United States denies the allegations and relief sought in paragraph 44.

45. With respect to paragraph 45, the United States denies that Tony and Mii's, Inc. is entitled to any damages due to the IRS's actions.  The United States lacks knowledge or information sufficient to form a belief about the truth of the remainder of paragraph 45.

46. The United States denies the allegations contained in paragraph 46.

### Tony's Claims Under 26 U.S.C. § 7426(h)

47. With respect to paragraph 47, the United States realleges each response to the allegations of the Plaintiffs heretofore made.

48. The United States denies the allegations contained in paragraph 48.

49. The United States denies that Tony Thangsongcharoen is entitled to any damages due to the IRS's actions.  The United States lacks knowledge or information sufficient to form a belief about the truth of the remainder of paragraph 49.

50. The United States denies that Tony Thangsongcharoen is entitled to any damages due to the IRS's actions.  The United States lacks knowledge or information sufficient to form a belief about the truth of the remainder of paragraph 50.

51. The United States denies the allegations contained in paragraph 51.

### Somnuek's Claims Under 26 U.S.C. § 7426(h)

52. With respect to paragraph 52, the United States realleges each response to the allegations of the Plaintiffs heretofore made.

53. The United States denies the allegations contained in paragraph 53.

54. The United States denies that Somnuek Thangsongcharoen is entitled to any damages due to the IRS's actions.  The United States lacks knowledge or information sufficient to form a belief about the truth of the remainder of paragraph 54.

55. The United States denies that Somnuek Thangsongcharoen is entitled to any damages due to the IRS's actions.  The United States lacks knowledge or information sufficient to form a belief about the truth of the remainder of paragraph 55.

56. The United States denies the allegations contained in paragraph 56.

### The Plaintiffs' Claims Under 26 U.S.C. § 7430

57. With respect to paragraph 57, the United States realleges each response to the allegations of the Plaintiffs heretofore made.

58. The United States denies the allegations contained in paragraph 58.

### CONCLUSION / PRAYER

For the reasons stated above, the United States requests that the Court deny all relief requested by the Plaintiffs.

/s/ Curtis C. Smith
CURTIS C. SMITH
State Bar No.  AZ 026374
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9734
(214) 880-9741 (fax)
Curtis.C.Smith@usdoj.gov

ATTORNEYS FOR UNITED STATES

CERTIFICATE OF SERVICE

It is hereby certified, that on January 5, 2018, I filed the foregoing using the Clerk's ECF system which will serve an electronic copy on the following:

Jason B. Freeman
Freeman Law, PLLC
2595 Dallas Parkway, Suite 420
Frisco, Texas 75034
Jason@freemanlaw-pllc.com

    Counsel for all Plaintiffs

          /s/Curtis C. Smith
          CURTIS C. SMITH