UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Tony and Mii's, Inc., <br> Tony Thangsongcharoen, and <br> Somnuek Thangsongcharoen, <br><br>   Plaintiffs    v. <br><br> The United States of America, <br><br>   Defendant | § § § § § § § § § § § § <br><br> CIVIL CAUSE NO. 3:17-CV-0609-B |

**JOINT STATUS REPORT**

Plaintiffs Tony and Mii's, Inc.; Tony Thansongsharoen; and Somnuek Thangsongcharoen and Defendant United States of America file this Joint Status Report.

1. <u>Nature of the Case/Contentions</u>

    a. This is a civil action where Plaintiffs have alleged damages resulting from the reckless, intentional, and/or negligent disregard of the Internal Revenue Code (I.R.C.) and governing Regulations by officers, agents, and/or employees of the Internal Revenue Service ("IRS").

    b. Plaintiffs allege that IRS agents wrongfully seized inventory and improperly sold it at an auction in an attempt to satisfy a tax liability alleged to be owed by Mii's. Plaintiffs allege that IRS agents improperly classified the inventory as perishable goods and did not comply with statutes and rules governing the sale of seized property.

    c. Plaintiffs claim that the inventory was improperly sold for substantially less than its value only four hours after the assets were seized and that they incurred damages

  as a result of an improper sale. Additionally, Plaintiffs claim that the IRS agents sold items they were not authorized to sell.

  d. The United States contends that the IRS did not violate regulations or statutes, within the meaning of 26 U.S.C. § 7433 or § 7426(h), in connection with the IRS seizure of assets alleged in the complaint.

  e. The United States further contends that the damages alleged by the plaintiffs were not proximately caused by the actions of the IRS, are statutorily barred, are inflated, and/or are otherwise not recoverable.

2. <u>Jurisdiction/Venue</u>. There is no challenge to venue. Additionally, there is no challenge to this Court's jurisdiction over the claim.  While the United States challenged the jurisdiction of the Court to award certain damages [see D.E. #14, pg. 14 of 18, Sec. 2], the Court has deferred ruling until later stages of the case [D.E. #19, pg. 6 of 7].  The United States intends to renew this argument at later stages of the case.

3. <u>Pending Motions</u>. No motions are currently pending.

4. <u>Other Matters</u>. No other matters require a conference with the Court.

5. <u>Joinder/Amendments</u>. The Complaint has been amended once.  The United States has filed Answers to the Complaint and the Amended Complaint.  The parties do not anticipate joining other parties or amending pleadings at this time.

6. <u>Discovery</u>

  a. <u>Time/Reasons</u>

  The parties anticipate that six to nine months will be needed to conduct both written and deposition discovery.

  b. <u>Subjects of Anticipated Discovery</u>

    i. Plaintiffs expect to conduct discovery to determine:

      1. The intent behind and nature of the seizure of Plaintiffs' property,

      2. The justification and compliance with law and rules (or lack of compliance) with regard to the seizure and sale, and

      3. The validity of the underlying tax liability.

    ii. The United States expects to conduct discovery to determine:

      1. The validity of the allegations in the plaintiffs' complaint;

      2. The existence (or lack thereof), nature, and extent of plaintiffs' purported damages

  c. <u>Phases/Issues</u>

The parties do not believe it is necessary to conduct discovery in phases or for it to be limited to or focused upon particular issues.

7. <u>Electronically Stored Information</u>. Plaintiffs expect to conduct discovery requiring the production of electronically stored information.

8. <u>Privilege</u>. The parties do not believe that there will be any significant issues or disputes pertaining to claims of privilege that require the Court's attention at this time.

9. <u>Limitations on Discovery</u>. The parties do not believe that any changes should be made in the limitations on discovery imposed under the Federal rules or by local rules, or that any other limitations should be imposed.

10. <u>Orders under Rule 26(c) or Rule 16(b) and (c)</u>. At this time, the parties do not believe that any orders are needed under Rule 26(c). The parties believe that a scheduling order should be issued under Rule 16(b), and a pretrial conference should be scheduled under Rule 16(c).

11. <u>Proposed Deadlines</u>

  a. <u>Joinder/Amendments</u>: May 1, 2018.

  b. <u>Motions/Dispositive Motions</u>: December 3, 2018, 2018.

  c. <u>Discovery</u>: November 1, 2018, 2018.

  d. <u>Expert Designations/Disclosures</u>: August 1, 2018.

12. <u>Trial</u>

  a. <u>Requested Trial Date</u>: March 18, 2019.

  b. <u>Estimated Trial Length</u>: One week.

  c. <u>Jury Demand</u>: This Court struck the plaintiff's request for a jury [D.E. #22].

13. <u>Trial Before a Magistrate Judge</u>. The parties have not consented to a trial before the magistrate judge.

14. <u>Settlement Progress</u>. The parties have engaged in two face-to-face meetings involving settlement discussions. The Department of Justice has indicated a potential settlement figure. The Plaintiffs have not accepted that figure and have indicated a higher figure. The parties have engaged in substantial discussions regarding settlement and case issues.

15. <u>Alternative Dispute Resolution</u>. The parties believe that ADR may potentially lead to a resolution to this dispute. Mediation or a court-supervised settlement conference may be appropriate. However, should such settlement conference or mediation occur, the United States would request that the Court excuse the United States from any requirements that someone with full settlement authority attend.

16. <u>Other Matters</u>. There are no other matters relevant to the status or disposition of this case.

                Respectfully submitted,

/s/ Curtis Smith          /s/ Jason B. Freeman

| | |
|---|---|
| Curtis C. Smith<br>State Bar No. AZ 026374<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>717 N. Harwood, Suite 400<br>Dallas, Texas 75201<br>(214) 880-9734<br>(214) 880-9741(fax) | Jason B. Freeman<br>TX Bar # 24069736<br>Freeman Law, PLLC<br>2595 Dallas Parkway, Suite 420<br>Frisco, Texas 75034<br>Telephone: 214.984.3410<br>Fax: 214.984.3409<br>Jason@freemanlaw-pllc.com |
| **ATTORNEY FOR UNITED STATES** | **ATTORNEY FOR PLAINTIFFS** |