# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF TEXAS

CLERK US DIST. COURT
NORTHERN DIST. OF TX
FILED
2018 JUL 23 PM 12: 07
DEPUTY CLERK

| | |
|---|---|
| TONY AND MII'S, INC. ET AL | § |
| | § |
| | § |
| **Plaintiff(s),** | § |
| | § |
| v. | § |
| | § |
| | § |
| **UNITED STATES OF AMERICA** | § |
| | § |
| **Defendant(s).** | § |

Civil Action No. <u>3:17-cv-609-B</u>

## RETURN OF SERVICE

Came to my hand on **Wednesday, July 18, 2018 at 9:33 AM,**
Executed at: **1500 RAMSGATE CIRCLE, PLANO, TX 75093**
within the county of **COLLIN** at **3:24 PM**, on **Wednesday, July 18, 2018**,
by individually and personally delivering to the within named:

### MITCHELL TERRY

a true copy of this

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION WITH EXHIBIT A, AND BUSINESS RECORDS DECLARATION

**BEFORE ME,** the undersigned authority, on this day personally appeared **Adil Tadli** who after being duly sworn on oath states: "My name is **Adil Tadli**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Practice and Remedies Codes as they apply to service of process. I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under Rule 103 and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas."

By: _____

**Adil Tadli - PSC1706 - Exp 05/31/20**
served@specialdelivery.com

**Subscribed and Sworn to by Adil Tadli, Before Me, the undersigned authority, on this** <u>20th</u> **day of July, 2018.**

_____
**Notary Public in and for the State of Texas**

THOMAS E CONSIDINE
Notary Public
STATE OF TEXAS
ID#12516820-9
My Comm. Exp. April 13, 2021

AO 88B  (Rev  12-13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:17-cv-609-B

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for the day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                         for travel and $                  services, for a total of $        0.00       .

**\*\*See Attached\*\***
**\*\*\*\*Affidavit\*\*\*\***

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Texas

| | | |
|---|---|---|
| Tony and Mii's, Inc., et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:17-cv-609-B |
| United States of America | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Mitchell Terry

*(Name of person to whom this subpoena is directed)*

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: U.S. Dept. of Justice, Tax Division<br>717 N. Harwood, Suite 400<br>Dallas, Texas 75201 | Date and Time:<br>08/09/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     07/17/2018

|        CLERK OF COURT        | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     United States of America                                                  , who issues or requests this subpoena, are:

Curtis C. Smith, 717 N. Harwood, Suite 400, Dallas, TX 75201; Curtis.C.Smith@usdoj.gov; (214) 880-9734

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A TO SUBPOENA FOR PRODUCTION
OF DOCUMENTS TO MITCHELL TERRY

In lieu of producing these documents as stated on the front of the subpoena, documents
may be mailed by Federal Express or other courier service so that they are received by August 9,
2018, at the following address:

> Curtis C. Smith
> U.S. Department of Justice, Tax Division
> 717 North Harwood, Suite 400
> Dallas, Texas 75201
> (214) 880-9734

If you choose to produce documents in person, please contact Curtis C. Smith at the
number listed.

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the terms "you," "your," and "yours" refer to Mitchell Terry.

2. As used herein, the term "document" shall be liberally construed to mean all original
   writings of any nature whatsoever and all non-identical copies thereof (whether different
   by reason of handwritten notations thereon or otherwise), regardless of where located,
   whether created and/or maintained in paper form, or by electronic means or other
   machine-readable decodable, or searchable format (*i.e.*, computer software), and
   includes, but is not limited to, correspondence, memoranda, notes, letters, reports,
   records, minutes, summaries, calendars, appointment books, diaries, journals, data
   compilations, spreadsheets, workpapers, diagrams, pictures, charts, graphs, pamphlets,
   books, contracts, brochures, computer tapes or disks, agreements, deeds, leases, checks or
   other negotiable instruments, bank statements, financial statements, inter-office or intra-
   office communications, notations of any sort of conversations, telephone calls, all drafts,
   alterations, modifications, changes or amendments of any of the foregoing, and other
   documents or records as defined in Rules 34 and 45 of the Federal Rules of Civil
   Procedure. The term shall be construed to treat the sender's copy and the recipient's
   copy of any fax, email or other communication as different documents.

3. The term "communication(s)" means any oral or written exchange or transmission of
   words, numbers, symbols, data, pictures, charts, graphs, or other information to or from
   another person or persons. Oral communications shall include, but not be limited to, all
   discussions, conversations, conferences, meetings, speeches, telephone calls, statements
   and questions. Written communications shall include, but not be limited to, all printed,
   typed, handwritten, or other readable or decodable documents, including what is
   commonly referred to as electronic mail or e-mail.

4. The term "metadata" shall refer to electronically stored "information about a particular
   data set which may describe, for example, how, when, and by whom it was received,
   created, accessed, and/or modified and how it is formatted." *In re Search of 3817 W.
   West End, First Floor Chicago, Illinois 60621*, 321 F. Supp.2d 953, 956 n.1 (N.D. Ill.

2004) (quoting The Sedona Conference, *The Sedona Principles* 52 (2004)); *see also N.A.A.C.P. v. Acusport Corp.*, 210 F.R.D. 268, 280 (E.D.N.Y. 2002) (metadata defined as "information about data, such as its meaning, relationships to other data, origin, usage and format").

5. As used herein, the terms "relate to" and "relates to" mean consist of, refer to, pertain to, reflect, evidence, or be in any way logically or factually connected with the matter discussed.

6. As used herein the words "person" or "persons" include individuals, firms, partnerships, associations, joint ventures, corporations or entities or other groups, however organized.

7. In responding to this subpoena, you are required to furnish all documents that are available to you, or subject to your reasonable inquiry, including documents in the possession of your attorneys, accountants, affiliates, advisors or other persons directly or indirectly employed by, or connected with you or your attorneys, and anyone else otherwise subject to your control, and not such information as is known only to you of your personal knowledge.

8. You are required to make a diligent search of your documents and other records in your possession or available to you or your representatives. Please note that the United States is not required to reimburse you for any costs you incur in complying with this subpoena.

9. To the extent that you have electronically stored information (ESI) which is not part of a paper file being produced, the ESI may be produced in printed, readable (e.g. English language or Arabic numbers), hard copy form or Adobe PDF format on a CD, DVD or USB drive whenever possible. It is also permissible to produce ESI that is currently in Microsoft Word, Microsoft Excel, or JPG formats, in the same format on a CD, DVD or USB drive. At this time, we are not requesting that you produce fully executable and decodable electronic files in native format (i.e., Microsoft Excel) or metadata. If additional information, native formats, executable files, or metadata are required by the United States it will be requested after reviewing the paper document or Adobe PDF format copy.

10. Responsive documents should be organized and labeled according to each category of documents requested below. In addition, if there are no documents responsive to a specific request, you must indicate that fact. If there were documents that were responsive, but which have been destroyed, please so state and produce a copy of your document retention policy that applied to such documents when they were destroyed.

11. Where documents or information being produced were business records: (A) made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (B) kept in the course of a regularly conducted activity; and (C) made by the regularly conducted activity as a regular practice, it is requested that you identify such documents and information in the enclosed Fed. Rul. Evid. 902(11) Declaration (or as an attachment to it), sign it and produce it with such documents.

12. If you object to this subpoena or any portion thereof on the ground that a full response would require the production of one or more communications that are allegedly privileged from disclosure, including communications subject to any confidentiality agreement or protective order, provide a privilege log with your responses to this subpoena, identifying the following with respect to each allegedly privileged communication:

    a.  The originator(s) or author(s) of the communication;
    b.  The recipient(s) or author(s) of the communication;
    c.  The date (or approximate date, if uncertain) of the communication;
    d.  The nature of the privilege(s) asserted;
    e.  The nature of the communications (*i.e.*, oral communication, written letter, email, memorandum, etc.); and
    f.  The specific subject(s) to which the communication related.

## DOCUMENTS

The United States requests that you produce the following documents in you possession, custody or control pursuant to the attached subpoena:

A.    Any and all documents regarding the value of the inventory of Tony and Mii's, Inc. for the years 2011 - 2015;

B.    Any and all documents showing any payments received by you from Tony and Mii's, Inc. for the years 2011 - 2015;

C.    Any and all correspondence between you and Tony and Mii's, Inc. during the years 2011 – 2015;

D.    Any and all notices of delinquencies or demands for overdue rent from you to Tony and Mii's, Inc. for any year;

E.    Any and all leases, rental agreements, or rental applications between you and Tony and Mii's, Inc. for any year;

F.    All documents reflecting any landlord's or leasor's lien against the assets of Tony and Mii's, Inc. between 2011 and 2015;

G.    Any and all documentation in your possession custody, or control showing any amounts still due and owing to you from Tony & Mii's, Inc.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONY AND MII'S, INC. | § | |
| TONY THANGSONGCHAROEN, and | § | |
| SOMNUEK THANGSONGCHAROEN | § | Case No. 3:17-cv-609-B |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## BUSINESS RECORDS DECLARATION

My name is _____. I am over 21 years of age, of

sound mind, capable of making this declaration, and personally acquainted with the facts herein

stated.

I am the custodian of the records of _____(name of

business). Attached hereto are copies of the documents requested in the subpoena served upon

_____(name of business) pertaining to the records of

_____ (name of business). These records are kept by

_____ (name of business) in the regular course of business for its

benefit. Consistent with normal business practice for employees or representatives of

_____ (name of business), the attached copies were made at or

near the time or reasonably soon thereafter by, or from information transmitted by, a person with

knowledge, and from records which are kept in the normal course of the business of

_____ (name of business). The records attached are exact

duplicates of the documents kept at _____ (name of business).

I declare, pursuant to 28 U.S.C. §1746, and under penalties of perjury, that the foregoing is true and correct.

DATED: _____

_____

, DECLARANT