IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY AND MII'S, INC. §<br>TONY THANGSONGCHAROEN, and §<br>SOMNUEK THANGSONGCHAROEN §<br>§<br>Plaintiffs, §<br>§<br>vs. §<br>§<br>UNITED STATES OF AMERICA, §<br>§<br>Defendant. § | Case No. 3:17-cv-609-B |

**UNITED STATES' UNOPPOSED MOTION FOR RELIEF FROM ORDER REQUIRING AN EXECUTIVE OFFICER WITH FULL SETTLEMENT AUTHORITY PERSONALLY ATTEND THE COURT-ORDERED MEDIATION**

The United States moves this Court for an Order granting relief from the requirement an executive officer with full settlement authority personally attend the Court-Ordered mediation on October 30, 2018 [Doc. #27, pg. 1]. In support, the United States would show as follows:

**Introduction**

The three Plaintiffs, Tony and Mii's, Inc., Tony Thangsongcharoen, and Somnuek Thangsongcharoen, filed suit in this matter on March 1, 2017, alleging unauthorized tax collection activities by the United States pursuant to 26 U.S.C. §§ 7433 and 7426(h) [Doc. #1]. Plaintiffs request damages in the amount of $1 million. On April 17, 2018, the Court entered its Mediation Order [Doc. #27], requiring "each party which is not a natural person must be represented by an executive officer (other than in-house counsel) with authority to negotiate a settlement" [Doc. #27, pg. 1]. Because of the unique manner in which settlement authority is has delegated by law within the Department of Justice, and the unique manner in which settlements must be reviewed and approved by the Department of Justice (DOJ) and the Internal Revenue Service (IRS), the United States respectfully requests partial relief from this requirement.

## Law

***The United States is entitled to relief from the Order Setting Settlement Conference***

Settlement authority in tax cases rests with the Attorney General of the United States or his delegate.[1] The DOJ has promulgated regulations that govern the settlement of civil litigation involving the United States and the allocation of settlement authority within the DOJ. Lawsuits may be settled by delegates of the Attorney General only in accordance with regulations published in 28 C.F.R. §§ 0.70, 0.160, 0.161, 0.162, 0.164, 0.166, 0.168, and Tax Division Directive No. 105, published in 28 C.F.R. Part O, Subpart Y, Appendix ("Settlement Regulations").[2] DOJ regulations confining settlement authority to selected officers and officials are valid and binding.[3] The Fifth Circuit has acknowledged "the reasonable policy justifications for the Justice Department's settlement regulations."[4]

Indeed, the United States is in a "unique position" as a litigant in the federal courts.[5] Not only is the United States "'a party to a far greater number of cases on a nationwide basis than

---

[1] 26 U.S.C. § 7122.

[2] *See In re Stone*, 986 F.2d 898, 900-01 (5th Cir. 1993) (discussing Attorney General's authority to settle lawsuits under 28 U.S.C. § 510 and Justice Department regulations implementing settlement authority); *Midwest Sports Med. & Orthopedic Surgery, Inc. v. United States*, 73 F. Supp. 2d 870, 876-82 (S.D. Ohio 1999) (discussing Tax Division settlement procedures).

[3] *See White v. United States Dep't of Interior*, 639 F. Supp. 82, 88-90 (M.D. Pa. 1986), *aff'd* 815 F.2d 697 (3d Cir. 1987); *Bohlen v. United States*, 623 F. Supp. 595, 597 (C.D. Ill. 1985).

[4] *Stone*, 986 F.2d at 904.

[5] *Id*. at 903.

even the most litigious private entity,'" [6] but the United States, in negotiating settlements, must take into account at least three interests that do not apply to private entities.

First, the United States has a duty to ensure that it treats all taxpayers consistently.[7] To this end, the IRS and DOJ centralize decision-making so that the burdens of the United States are fairly shared by all. Second, the Settlement Regulations serve the goal of placing the power to decide cases involving significant amounts of money or implications for broad classes of cases in the hands of officials with policy-making authority.[8] This practice assures that the decisions will serve a coherent policy, rather than the pressing considerations of the moment. Third, the Settlement Regulations assure that settlements made in cases involving the payment of substantial sums from the public treasury or cases in which the agency involved in the litigation opposes the proposed settlement should be made by officials with political accountability.[9]

Recognizing the unique position of the United States in litigation, the Advisory Committee intended that federal trial courts take into account the United States' special status when promulgating orders concerning pre-trial conferences.

> Particularly in litigation in which government agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-

---

[6] *Id*. at 904 (quoting *United States v. Mendoza*, 464 U.S. 154, 159 (1984)).

[7] *See id.*

[8] *See id*.

[9] *See id*.

> making responsibility. The selection of the appropriate representative should ordinarily be left to the party and its counsel.

Fed. R. Civ. P. 16, Notes of the Advisory Committee to 1993 Amendments.

Congress has also acknowledged the unique position of the United States with respect to settlement authority by stating that "those district courts that choose to adopt [the settlement authority requirement] should account for the unique situation of the Department of Justice. The Department does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington." S. Rep. No. 416, 101st Cong., 2d Sess. 58, reprinted in 1990 U.S. Code Cong. & Adm. News 6802, 6848.

Importantly, an order to produce a DOJ official with settlement authority at settlement conference impinges on the internal organization of the DOJ to such a degree that it violates the doctrine of separation of powers. The Attorney General, as a member of the executive branch, has the ultimate authority to supervise the conduct and settlement of tax litigation and to delegate the power to approve settlements to others.[10] The allocation of settlement authority and litigation authority among personnel of the DOJ are matters of internal operation and administration, and as such are completely within the discretion of the Attorney General.[11]

---

[10] 28 U.S.C. §§ 501 *et seq.*; 26 U.S.C. § 7122.

[11] The Fifth Circuit in *In re Stone*, 986 F.2d 898 (5th Cir. 1993), held that a federal district court has the inherent power to manage its own docket and that the power includes the authority to "require a party to have a representative with full settlement authority present—or at least reasonably and promptly accessible—at pretrial conferences." *Id.* at 903. We do not agree with this holding to the extent that it is contrary to the separation of powers provided for in the Constitution. However, the Fifth Circuit went on to rule that the power should be used sparingly with regard to the United States, noting that the United States is in a "special category" in a number of respects such as its "need for centralized decision making"

(continued...)

*Trial Attorney, Curtis C. Smith., Will Personally Attend the Settlement Conference*

Trial counsel for the United States, Curtis C. Smith., has primary responsibility for handling this case and will personally attend the settlement conference. While Mr. Smith does not have any settlement authority, he is the DOJ official most familiar with the factual and legal issues relevant to the settlement conference. Under 28 U.S.C. §§ 515-519, the trial attorney is authorized to represent the United States in this lawsuit, and may negotiate settlement offers which the trial attorney is willing to recommend to appropriate department officials. In exercising their authority, those who would evaluate the settlement proposal accord substantial weight to the trial attorneys' recommendation regarding settlement, because the recommendation will be based on the trial attorneys' knowledge of the strengths and weaknesses of the parties' positions.

Additionally, Kim Kazda, the IRS attorney assigned to this matter, as well as Associate Area Counsel, Adam Flick, will personally be attending the mediation.

*Ann Reid, Chief, Office of Review, Should be Excused from Personal Attendance*

Under the Settlement Regulations, Ann Reid, Chief, Office of Review, Washington D.C, has the authority to accept offers which do not exceed $1,500,000. Tax Directive 139, § 6 (76

---

(… continued)

and the fact that the United States is a party to "a far greater number of cases on a national basis than even the most litigious private entity." *Id.* at 904 (citations omitted). The Fifth Circuit then concluded it was an abuse of discretion for the district court to routinely enter orders requiring a government official with final authority to attend a conference. *Id.* at 905. In doing so, the Fifth Circuit emphasized that the district court should consider less drastic steps before entering such an order. *Id*. The Fifth Circuit then stated that only when the district court's reasonable efforts to conduct an informed settlement discussion in a particular case are thwarted because the government official with settlement authority will not communicate with government counsel or the court in a timely manner, the court, *as a last resort*, can require the official with full settlement authority to attend. *Id.* (emphasis added).

FR 15212-02; 2011 WL 938673).  However, her authority would only be implicated if the United States were accepting an offer in excess of $500,000, but less than $1,500,000 (as explained below).  Ms. Reid is located in Washington, D.C., and has ultimate responsible for reviewing settlement proposals which exceed $500,000 for the Civil Trial Sections of the Tax Division nationwide.  Accordingly, her personal appearance at every settlement conference in which her settlement authority might be implicated only if certain amounts were being approved is an inefficient allocation of scarce Department resources.  Thus, the United States asks that she be excused from attendance at the mediation.

### *Cynthia Messersmith, Chief, Civil Trial Section, Southwestern Region, Should be Excused from Personal Attendance and Should Be Allowed to Participate Telephonically*

Chiefs of the Civil Trial Sections have been redelegated authority to accept offers of up to $500,000.  Tax Division Directive 139 § 1-2.  Ms. Messersmith is the Section Chief of the Tax Division's Southwestern Region Civil Trial Section in Dallas, Texas.  As Ms. Messersmith supervises over 400 cases and manages the day-to-day operations of the Southwestern Region's Civil Trial Section for the Tax Division, she cannot personally attend a settlement conference in every case.

Attending and participating via telephone would allow Ms. Messersmith to discuss the case and accept a settlement within her authority at any time during the settlement conference.  Moreover, Ms. Messersmith will discuss with the trial attorney prior to the settlement conference the range of settlement offers that they would be willing to recommend.

### *Andrew Sobotka, Assistant Chief, Civil Trial Section, Southwestern Region, Will Personally attend the Settlement Conference*

Pursuant to Tax Division Directive 139 § 3, a section chief is authorized to redelegate in writing to an Assistant Section Chief the authority to settle civil cases if the amount does not

exceed $250,000. Here, Mr. Sobotka has been redelegated this authority, and will personally attend the settlement conference with Trial Attorney, Curtis C. Smith.

## Conclusion / Prayer

For these reasons, the United States respectfully requests that the Court allow the United States to attend the Court-Ordered Mediation, as set forth herein.

/s/ Curtis C. Smith
CURTIS C. SMITH
State Bar No. AZ 026374
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9734
(214) 880-9741 (fax)
Curtis.C.Smith@usdoj.gov

ATTORNEYS FOR UNITED STATES

## CERTIFICATE OF CONFERENCE

Pursuant to LR 7.1(a) & (h), I certify that I conferred with opposing counsel regarding this motion. The relief sought in the motion is unopposed.

 /s/Curtis C. Smith
CURTIS C. SMITH

CERTIFICATE OF SERVICE

It is hereby certified, that on October 18, 2018, I filed the foregoing using the Clerk's ECF system which will serve an electronic copy on the following:

Jason B. Freeman
Freeman Law, PLLC
2595 Dallas Parkway, Suite 420
Frisco, Texas 75034
Jason@freemanlaw-pllc.com

    Counsel for all Plaintiffs


  /s/Curtis C. Smith
CURTIS C. SMITH