IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY AND MII'S, INC. § <br> TONY THANGSONGCHAROEN, and § <br> SOMNUEK THANGSONGCHAROEN § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Defendant. § | Case No. 3:17-cv-609-B |

**UNITED STATES' AMENDED[1] EMERGENCY MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c) AND BRIEF**

The United States moves this Court to issue a Protective Order pursuant to Fed. R. Civ. P. 26(c)(1) to protect an IRS Revenue Officer[2] and any other IRS employees from annoyance, embarrassment, or intimidation during their depositions that will result if news media personnel are allowed to attend. The United States also moves the Court, pursuant to *Dondi Properties Corp. v. Commerce Cav. And Loan Assn'n.*, 121 F.R.D. 284 (N.D. Tex. 1988), to Order that all future depositions involving IRS or United States Treasury personnel be conducted at the offices

---

[1] The Original Motion for Protective Order was filed on December 7, 2018. On December 10, 2018, counsel for Plaintiffs notified counsel for the United States of several objections he had with several statements in the Original Motion and threatened to seek Rule 11 sanctions if those statements were not corrected. Despite being told by counsel for the United States that it would file an amendment, Plaintiff's counsel did not follow the procedures required by Rule 11(c) (giving the United States a chance to correct the pleading) and instead immediately filed an unnecessary Rule 11 Motion for Sanctions (ECF 41) against two of the attorneys representing the United States. Nonetheless, in an effort to eliminate this unnecessary dispute regarding sanctions, the United States is Amending its Motion for Protective Order to remove the entire discussion on pages 8 and 9 of the Original Motion concerning the overheard conversation between government counsel and an IRS employee that is the basis for Plaintiffs' Rule 11 Motion. The United States apologizes for any confusion or misunderstanding, and will file a further Response to the Motion for Sanctions if necessary.

[2] This IRS Revenue Officer is not disclosed by name in the Complaint.

of the United States, Department of Justice, Tax Division at 717 N. Harwood, Dallas, TX 75201. In support, the United States would show as follows:

## INTRODUCTION

Plaintiffs brought suit against the United States[3] under 26 U.S.C. §§ 7433 and 7426(h), alleging that the IRS conducted improper collection activities related to a seizure and sale of the inventory of Tony & Mii's, Inc. (a retail store selling bridal gowns and related wear). In the complaint, the Plaintiffs make numerous allegations regarding the collection activities of an IRS Revenue Officer. After several initial motions to dismiss portions of the case, and unsuccessful mediation, the parties have begun taking depositions. To that end, the United States has already produced two IRS employees for deposition without incident, and the United States initially agreed to produce the IRS Revenue Officer for a deposition on December 10, 2018, at the law offices of counsel for Plaintiffs, Jason Freeman.

However, on Tuesday, December 4, 2018, at 5:48 pm, counsel for Plaintiffs sent an email containing the Notices of Deposition for an IRS Revenue Officer, another IRS employee, and an agent with the Treasury Inspector (TIGTA). In the email, Plaintiffs' counsel informed the United States, "Also, please be advised that Kevin Krause with the Dallas Morning News intends to be present during the deposition of the IRS Revenue Officer. I wanted to give you notice on that." *See* Gov. Ex. 1.

---

[3] In a suit under Section 7433, the United States is the party, and its employees are merely witnesses for purposes of discovery.

Discovery has been open and proceeding in this matter since March 9, 2018.  December 4, 2018, marks the first date on which Plaintiffs' have provided notice of any media involvement in any discovery.

**Law and Argument**

Fed. R. Civ. P. 26(c) provides, inter alia, that…The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

- (A) forbidding the disclosure or discovery;
- (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
- (C) prescribing a discovery method other than the one selected by the party seeking discovery;
- (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
- (E) designating the persons who may be present while the discovery is conducted;
- (F) ….

Here the United States moves the Court to issue a protective order as to the depositions of IRS employees in this lawsuit pursuant to Fed. R. Civ. P. 26(c)(1)(E) specifically designating that only parties, persons or agencies related to the parties, or party representatives and experts may be present and attend depositions.  *Emphasis added*.  The basis for the United States' motion is that Mr. Krause's presence, apparently at the invitation of the Plaintiffs' counsel,[4] is serves no purpose other than being a blatant attempt by Plaintiffs' counsel to: embarrass, shame and intimidate the IRS Revenue Officer; to pressure the government to settle for larger amounts than warranted on the merits of the case; or to generate additional free publicity for Plaintiffs'

---

[4] Because deposition notices are not filed with the Court, the only way that the press could have learned of this deposition is if that information was provided to it by the Plaintiffs or their attorney.

counsel – all of which are improper. The Supreme Court has made it clear that pretrial depositions are not open to the public at common law, and the United States has additional concerns that if the press is allowed to be present at the deposition, it may not be able to fully ask questions involving all of the Plaintiffs tax return information that is otherwise protected by 26 U.S.C. § 6103, without risking additional exposure to new damages claims in this case under 26 U.S.C. § 7431.

Finally, pursuant to local custom in the Northern District of Texas, and the *Dondi* canons, the United States also requests that any deposition of IRS or Treasury personnel in this case be conducted at the law offices of the United States, Department of Justice, Tax Division at 717 N. Harwood, Suite 400, Dallas, Texas 75201 where the press will not be allowed access to the location of the depositions.[5] *Dondi*, 121 F.R.D. at 288.

### (1) MR. KRAUSE'S PRESENCE WILL SERVE SOLELY TO INTIMIDATE OR EMBARRASS THE IRS REVENUE OFFICER

This will be the first time this IRS Revenue Officer has been deposed, and the threat of a member of the media attending, what is traditionally a closed and private proceeding, has caused the Revenue Officer to feel even more apprehensive and uncomfortable.

Aside from the added apprehension and discomfort this causes the Revenue Officer, Mr. Krause's attendance can serve no legitimate purpose. Mr. Krause is not a party, not related to any party, and is not a witness. As such, he has no interest in this matter apart from his interest as a member of the press. Local Rule 83.18 disallows photograph, electronic record, televising,

---

[5] To be clear, the United States is not asking at this time for the press to be excluded from the trial of this case or any other open court proceedings.

or broadcasting of a judicial proceeding. The Federal Rules of Civil Procedure regarding depositions incorporate the Federal Rules of Evidence [Fed. R. Civ. P. 30(c)(1)], and state that the examination of a deponent should proceed as if they would at trial. Mr. Krause cannot do any of these activities during the Revenue Officer's deposition. Mr. Krause can only be present and take notes. Absent further relief from the Court, Plaintiffs could certainly provide an audio or visual recording that once the deposition is complete. Mr. Krause's presence serves no purpose, other than Plaintiffs' counsel's attempt to shame, embarrass, or intimidate the Revenue Officer with the specter of bad press, and embarrass her and any other IRS employee who is testifying. This is inappropriate. *See e.g.*, *Mangum v. Town of Holly Springs*, 2009 WL 10689440 (E.D.N.C. 2009) (finding that plaintiff had shown good cause for the exclusion from the deposition of an individual representative of a non-party where no plausible reason for the attendance of such representative was provided in the fact of plaintiff's contention that defendant was inflating attendance at her deposition for the purpose of intimidating her). Alternatively, Plaintiffs' invitation of the press to attend the deposition may be for additional improper purposes of unfairly pressuring the government into a larger settlement than the facts of their case warrant, or to generate additional free publicity for Plaintiffs' counsel who has already been in contact with the press about this case numerous times.

### (2) PRETRIAL DEPOSITIONS ARE NOT OPEN TO THE PUBLIC AT COMMON LAW

As a matter of general law and practice, a non-party to this lawsuit, has no legal right to be present while the deposition is being taken. As the Supreme Court has observed in a related setting: "pretrial depositions ... are not public components of a civil trial. Such proceedings were not open to the public at common law ... And, in general, they are conducted in private as a matter of common practice." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S. Ct. 2199, 81

L.Ed.2d 17 (1984); *see also Amato v. City of Richmond*, 157 F.R.D. 26, 28 (E.D.Va.1994) (holding that "public policy and concerns for judicial economy strongly militate against allowing [the press] to attend the depositions."), *Kimberlin v. Quinlan*, 145 F.R.D. 1, 2, (D.D.C.1992) (holding that depositions are not open to the public and denying press attendance); *Times Newspapers Ltd. v. McDonnell Douglas Corp.*, 387 F. Supp. 189, 197 (C.D.Cal.1974) (holding that "neither the public nor representatives of the press have a right to be present" at the taking of a deposition); 8 Wright and Miller, Federal Practice and Procedure § 2041 (1992 Supp.); *Melendres v. Arpaio*, 2009 WL 3489402 (D. Ariz. 2009) (finding that the United States, as a non-party, had no right to attend a deposition, especially in light of the fact that it could obtain transcripts of the deposition).

Counsel for the United States conferred with counsel for the Plaintiffs, requesting his statutory or common law authority bases for inviting a member of the press to the IRS Revenue Officer's deposition. No statutory or common law authority was produced and it is the United States' belief that the practice in the Northern District of Texas with respect to media attendance at pretrial depositions conforms to that of authorities listed above.

### (3) THE UNITED STATES DOES NOT WISH TO RISK EXPOSURE OF THE TAXPAYERS' SECTION 6103 INFORMATION

Plaintiffs have invited Mr. Krause to the IRS Revenue Officer's deposition. The Revenue Officer will necessarily be providing pretrial deposition testimony regarding her knowledge of the Plaintiffs, their federal tax liabilities, her actions taken regarding collection of their tax liabilities. Intertwined throughout her testimony, the United States anticipates that she will be asked information that is subject to the privacy rules and restrictions of Section 6103. 26 U.S.C. § 6103. Section 6103 states that no officer or employee of the United States shall disclose any return or return information obtained by him in any manner in connection with his

service as such… *Id*. "Return" information is any tax return required to be filed under title 26. *Id*. The Revenue Officer was assigned to collect the tax liabilities of Tony and Mii's, Inc., and her actions are directly related to Tony and Mii, Inc.'s tax return information, including their liability and her actions related to collecting that tax liability. While the rules of discovery and Section 6103 are compatible when the deposition is attended by the parties, their counsel and their experts, Section 6103 does not appear to contain exceptions for disclosure to the press when they happen to appear at places the Federal Rules of Civil Procedure did not contemplate – such as pretrial depositions. Thus, if the press is present at the IRS Revenue Officer's deposition, the United States will have to instruct the IRS Revenue Officer to not answer any question that elicits an answer that includes any Section 6103 material, until further order of the Court. *Id*.

Additionally, if the press is invited to the deposition, the United States may be severely limited in its deposition examination of the IRS Revenue Officer because it is not clear how much of the Plaintiffs' additional Section 6103 tax return information it can elicit from her during such a deposition in front of the press without risking additional claims by the Plaintiffs for damages under 26 U.S.C. § 7431 due to the presence of Mr. Krause. 26 U.S.C. §§ 6103 and 7431. For example, the United States might want to ask the IRS Revenue Officer to lay an evidentiary foundation for whether or not the plaintiffs have filed tax returns, and whether they reported any profits, in tax years subsequent the tax year for which collection activity took place as part of its defense to their claim for lost profits and economic damages. Additionally, the United States might want to ask the Revenue Officer to lay evidentiary foundation for other IRS documents that would tend to discredit the allegations of the plaintiffs or show them to be outright liars. Although Section 6103(h)(4) permits the disclosure of certain tax return information during judicial proceedings, it contains requirements that the information be directly

related to the resolution of the case and have a transactional relationship to the case. These are elements that a court in open trial can address. However, that is not the case in an unsupervised deposition, and consequently the United States may be forced to limit or refrain from asking certain pretrial discovery questions that it would otherwise be able to ask in a normal deposition where the press was not invited.

### (4) PURSUANT TO LOCAL CUSTOM, THE UNITED STATES REQUESTS ANY FURTHER DEPOSITIONS OF IRS PERSONNEL BE CONDUCTED AT THE OFFICES OF THE COUNSEL FOR THE DEPONENT

It is a local custom in the Northern District of Texas to allow a deponent to be deposed at the offices of his or her attorney. *EEOC v. Groom & Sons Hardware & Lumber, Inc.*, 3:02-cv-02076-D, Order at Dkt. #18; see also *Martinez v. Neiman Marcus Group, Inc.*, 3:05-CV-0422-P, 2005 WL 2179137, at *4 (N.D. Tex. Sept. 7, 2005) (accepting the argument of counsel that it is customary in litigation for depositions to occur in the office of the individual's counsel) and *Robinson v. Dallas County Community College District*, 3:14-CV-4187-D, 2016 WL 1273900, at *1, 6 (N.D. Tex. Feb. 18, 2016) (Horan, Mag.) (ordering the defendant to produce its employee for a deposition at the office of the defendant's counsel). In an attempt to reasonably accommodate Plaintiffs' requests (and before Plaintiffs' counsel had ever mentioned inviting press to the depositions) as required under the *Dondi* canons, the United States had initially agreed to conduct the depositions of the witness that the United States was producing at the offices of Jason Freeman (counsel for Plaintiffs). *Dondi*, 121 F.R. D. at 288.

On December 4, 2018, after business hours, Mr. Freeman simply provided notice that a news media member would inappropriately attend the IRS Revenue Officer's deposition on Monday, December 10, 2018.  Wednesday, December 5, 2018, was a national day of mourning and the Department of Justice offices were closed.  Therefore, the United States filed its original motion on December 7, 2018, seeking emergency relief, disallowing any non-parties (other than counsel and experts) from attending pretrial depositions, and an Order confirming that pursuant to *Dondi* that the United States' request to produce its witnesses at its offices is reasonable and comports with the practice within the Northern District of Texas.  *Dondi*, 121 F.R.D. 284 (N.D. Tex. 1988).  However, if the Plaintiffs agree, or the Court orders, that these depositions will be held at the offices of the Department of Justice and the press will not be allowed to attend, these depositions can go forward as scheduled.

Now that the United States is aware that the Plaintiffs have invited the news media to attend the deposition of the IRS Revenue Officer, the United States no longer wishes to accommodate Plaintiffs' request regarding the location of the depositions, which run counter to this local custom.  Accordingly, the United States requests that all depositions of IRS or United States Treasury personnel that are noticed for the offices of Mr. Freeman be amended by Order of the Court to occur at the offices of the Department of Justice, Tax Division, at 717 N. Harwood, Suite 400, Dallas, Texas 75201, or another government office of the United States' choosing.

## **CONCLUSION / PRAYER**

For these reasons, the United States respectfully requests that the Court order that any non-parties (other than counsel and experts), including news media personnel, not be allowed to attend pretrial depositions, and that all depositions of IRS or United States Treasury personnel

that are noticed for the offices of Mr. Freeman be amended by Order of the Court to occur at the offices of the United States, Department of Justice, Tax Division at 717 N. Harwood, Suite 400, Dallas, Texas 75201.

/s/ Moha P. Yepuri
CURTIS C. SMITH
State Bar No.  AZ 026374
MOHA P. YEPURI
Texas State Bar No. 24046651
Trial Attorneys, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9734/67
(214) 880-9741 (fax)
Curtis.C.Smith@usdoj.gov
Moha.P.Yepuri@usdoj.gov

ATTORNEYS FOR UNITED STATES

CERTIFICATE OF CONFERENCE

Pursuant to LR 7.1(a) & (h), I certify that I spoke to opposing counsel regarding this motion for protective order on December 6, 2018.  I certify that I attempted to confer with counsel regarding this motion on December 7, 2018 via telephone and was not able to reach opposing counsel via telephone.  I further certify that counsel for the United States, Curtis Smith, sent an email to opposing counsel to confer regarding this motion.  Opposing counsel has responded on December 7, 2018, to Mr. Smith's email stating he is opposed and not available for a hearing this afternoon.

  /s/ Moha P. Yepuri
MOHA P. YEPURI

10

CERTIFICATE OF SERVICE

It is hereby certified, that on December 10, 2018, I filed the foregoing using the Clerk's ECF system which will serve an electronic copy on the following:

Jason B. Freeman
Freeman Law, PLLC
2595 Dallas Parkway, Suite 420
Frisco, Texas 75034
Jason@freemanlaw-pllc.com

    Counsel for all Plaintiffs


     /s/ Moha P. Yepuri
    MOHA P. YEPURI