THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY AND MII'S, INC., TONY THANGSONGCHAROEN, and SOMNUEK THANGSONGCHAROEN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | § § § § § § § § § § § § § § § | Case No. 3:17-cv-609-B |

**BRIEF OF AMICUS CURIAE THE DALLAS MORNING NEWS, INC.,
IN OPPOSITION TO AMENDED MOTION FOR PROTECTIVE ORDER**

Pursuant to Local Rule 7.2(b), The Dallas Morning News, Inc. ("TDMN") submits this Amicus Brief in opposition to the Amended Emergency Motion for Protective Order by the United States in the above action (the "Motion"). *See* [Dkt. 43].

**INTRODUCTION AND STATEMENT OF INTEREST**

The Government has not met its burden pursuant to Rule 26(c) to show good cause to exclude TDMN journalist Kevin Krause from attending, at the invitation of Plaintiffs' counsel, the deposition of an IRS revenue officer. TDMN maintains an interest[1] in Mr. Krause's attendance at the deposition as it involves testimony by a public official regarding official law enforcement actions. Federal courts have recognized the press's legitimate interest in similar circumstances. *See Estate. of Rosenbaum v. City of N.Y.*, No. 92-5414, 1993 U.S. Dist. LEXIS 15908, at *4–5 (E.D.N.Y. 1993); *Avirgan v. Hull*, 118 F.R.D. 252, 257 (D.D.C. 1987). TDMN submits its brief

---

[1] *See* Local Rule 7.2(b) ("An amicus brief . . . must specifically set forth the interest of the amicus curiae in the outcome of the litigation");

**A**MICUS **BRIEF OF** **T**HE **D**ALLAS **M**ORNING **N**EWS**, I**NC**.** - 1

not to assert a blanket right of access to all depositions but to discuss the legal standards applicable to the present Motion, which have not been met by the Government.

## ARGUMENT

To quash Plaintiffs' invitation to Mr. Krause through a Rule 26 protective order, the Government must establish good cause supported by particularized, concrete evidence. In this particular instance, the Government failed to meet that burden.

**I.    Government must show "good cause."**

The Government observes that the press does not typically enjoy a common law privilege to unilaterally insert itself into depositions. But Mr. Krause has asserted no such right. The narrower legal issue presented by the Motion is whether the Government has met its burden to establish good cause to exclude one of Plaintiffs' designated attendees under Rule 26. *See Amato v. City of Richmond*, 157 F.R.D. 26, 27 (E.D. Va. 1994) (courts "required to apply the good cause standard" when parties "seek a protective order under Fed. R. Civ. P. 26(c) to bar the press from the depositions").

Plaintiffs desire that Mr. Krause observe the deposition, and invited him to attend. *See* [Dkt. 43 at 3]. The Federal Rules of Civil Procedure themselves contemplate that the press might have such a role. *See* Fed. R. Civ. P. 30 advisory committee's note to 1993 amendments, ¶ 15 ("The revision addresses only the matter of attendance by potential deponents, and does not attempt to resolve issues concerning attendance by others, such as members of the public or press"). This fact alone distinguishes the present case from the string of authorities cited by the Government. *See* [Dkt. 43 at 5–6].

In each of the cases cited by the Government, the press or others affirmatively asserted a right to attend the depositions over the objections of one or more of the parties. *See Amato*, 157 F.R.D. at 26 ("RNI filed its motion to intervene for the purpose of attending the depositions");

*Kimberlin v. Quinlan*, 145 F.R.D. 1, 1 (D.D.C. 1992) (addressing the "motion of Cable Network News, Inc. ("CNN") for an order 'confirming its right' to attend"); *Times Newspapers Ltd. v. McDonnell Douglas Corp.*, 387 F. Supp. 189, 191 (C.D. Cal. 1974) ("plaintiff seeks . . . a declaratory judgment that its representatives are entitled to be present at all depositions and to publish their reports of what occurred"); *see also Melendres v. Arpaio*, No. CV-07-02513, 2009 WL 348902, at *2 (D. Ariz. Oct. 28, 2009) (noting the United States was conducting a contemporaneous investigation of the deponent, and noting "this lawsuit is not a vehicle through which the Department of Justice . . . may conduct its separate investigation"). The discussion of common law or First Amendment access in these decisions does not displace the good cause showing required from the Government here. *See Amato*, 157 F.R.D. at 27.

### II.  Government has not established good cause under Rule 26(c).

A party seeking a Rule 26 protective order must "show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Turner v. Nationstar Mortg. LLC*, No. 3:14-cv-1704-L-BN, 2015 WL 12765513, at *2 (N.D. Tex. May 14, 2015) (quotations omitted). Where, as here, the protective order is sought primarily on the grounds of embarrassment or oppression "the threatened harm must [also] be particularly serious." *Carnaby v. City of Hous.*, No. 4:08-cv-1366, 2008 WL 4546606, at *1 (S.D. Tex. Oct. 10, 2008).

Here, the Government's contention that "Mr. Krause's attendance can serve no legitimate purpose" and "will serve solely to intimidate or embarrass the IRS Revenue Officer," [Dkt. 43 at 4], is insufficient for several reasons and does not rise to the level of good cause.

Foremost, it is unsupported by evidence and is mere speculation. The Government offers no testimony from the Revenue Officer, and its brief contains only unsubstantiated, "stereotyped

and conclusory statements," *see Turner*, 2015 WL 12765513, at *2, that Mr. Krause's attendance would cause the IRS Officer "to feel even more apprehensive and uncomfortable." [Dkt. 43 at 4].

Furthermore, the Government's position that Mr. Krause's attendance could "serve no legitimate purpose" is at odds with the fundamental role played by the press under our Constitution. Newsgathering is a constitutionally protected activity. *See Branzburg v. Hayes*, 408 U.S. 665, 707 (1972) ("news gathering is not without its First Amendment protections"); *Turner v. Lieutenant Driver*, 848 F.3d 678, 688 (5th Cir. 2017). Assuring that members of the public are informed about the discharge of official duties by a federal officer involving the seizure of private property is a purpose of the highest Constitutional order. *See Branzburg*, 408 U.S. at 725 (Stewart, J., dissenting) (noting "the broad societal interest in a full and free flow of information to the public" and "critical role" of the press in that process).

Courts have rejected similar arguments offered to shield events of public interest from press scrutiny, and found no good cause existed to issue a protective order. *See, e.g., Morrow v. City of Tenaha*, No. 208CV288, 2010 WL 3927969, at *4 (E.D. Tex. Oct. 5, 2010) ("Defendants' unsubstantiated allegations that release of the deposition transcripts in this case will result in embarrassment . . . [is] not enough to demonstrate good cause for a protective order, especially in light of the strong public interest in the conduct of public officials"); *Estate of Rosenbaum*, 1993 U.S. Dist. LEXIS 15908 at *4–5 (argument that "truth would be sacrificed to an attempt to create sound bites" did not establish good cause, press allowed to attend deposition); *Avirgan*, 118 F.R.D. at 255 ("Robinette has focused on annoyance and harassment he attributes to plaintiffs' efforts to publicize this case, but has not persuaded the Court that these allegations constitute good cause," press permitted to attend deposition).

As the Government notes, all Mr. Krause intends to do is silently "be present and take notes." [Dkt. 43 at 5]. Regardless of the silent attendance by Mr. Krause, the Revenue Officer will be proffering recorded testimony under oath, obliged to answer the same questions with the same facts. Moreover, she will be doing so in her capacity as a public official. In the absence of contrary evidence from the Government, it should be presumed that the Revenue Officer will fulfill her sworn duty to testify truthfully and completely, regardless of the attendance of a member of the news media. The Government's interest in assuaging the Revenue Officer's potential feelings of personal embarrassment or unease cannot outweigh the public interest in the free flow of information about the performance of official duties by a Government agent. *See Morrow*, 2010 WL 3927969, at *4; *Lissner v. U.S. Customs Service*, 241 F.3d 1220, 1223 (9th Cir. 2001) (noting in the context of FOIA that "by becoming public officials, [individual's] privacy interests are somewhat reduced"). Stated simply, "the specter of bad press" or "embarrassment" to a Governmental agency or agent is not good cause. [Dkt. 43 at 5]. If the effect of Mr. Krause's presence is that the people learn critical information regarding a major federal agency, then the objectives of the Constitution will have been accomplished. *See Colson v. Grohman*, 174 F.3d 498, 507 (5th Cir. 1999) ("criticism of public officials lies at the very core of speech protected by the First Amendment").

**III.  Potential disclosure of the Plaintiffs' information is not good cause to overrule the invitation extended by the Plaintiffs themselves.**

The Government's concerns about disclosing the Plaintiffs' tax information are vitiated by the fact that Plaintiffs themselves invited Mr. Krause to attend the deposition. [Dkt. 43 at 6].

Taxpayers can voluntarily release their return information.[2]  *See* 26 U.S.C. § 6103(c).  In this instance, the Court may assume that the adversary system is working as intended, and that counsel for the plaintiffs will protect his clients' interests.

### IV.  Local practice cannot be used to circumvent the Federal Rules.

Finally, the Government is correct that local custom includes presentation of a witness for deposition at the office of his or her attorney.  *See* [Dkt. 43 at 8].  The location of the deposition in question here is an issue that Mr. Krause and TDMN, in observance of that local custom, leave to the discretion of the parties and the Court.

But local custom cannot be used to circumvent the Government's good cause burden with respect to the Motion, nor can the canons established by the Northern District in *Dondi Props. Corp. v. Commerce Cas. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988).  In short, the Government's request that the deposition take place at a Government office may be proper under local practice, but is not decisive of the issue before the Court regarding good cause to prohibit Mr. Krause's attendance at the deposition.

### CONCLUSION

In this narrow and unique instance, the Government has failed to demonstrate the necessity of a protective order.  The underlying lawsuit involves allegations of Government misconduct against specific taxpayers, who themselves invited the press to attend their deposition of a Government official.  Where the only sensitive information which may arise at that deposition belongs to the taxpayer, and the only allegations of potential prejudice to the Government are the specter of bad press and embarrassment should the alleged misconduct turn out to be true, good

---

[2] *E.g.*, https://obamawhitehouse.archives.gov/blog/2016/04/15/president-obama-and-vice-president-bidens-2015-tax-returns

cause has not been established. This is particularly true where, as here, the allegations of embarrassment and intimidation supporting the motion are speculative and factually unsupported. The requested protective order is not supported by good cause, and should not issue.

                                          Respectfully submitted,

                                          */s/ Paul C. Watler*
Paul C. Watler
State Bar No. 20931600
pwatler@jw.com
Eric D. Wong
State Bar No. 24102659
ewong@jw.com
JACKSON WALKER L.L.P.
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000 – Telephone
(214) 953-5822 – Fax

**ATTORNEYS FOR AMICUS CURIAE
THE DALLAS MORNING NEWS INC.**

## CERTIFICATE OF SERVICE

      This certifies that on December 21, 2018, a true and correct copy of the foregoing document was served via the Court's ECF system upon all counsel of record who are registered ECF users pursuant to Local Civil Rule 5.1(d), or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil procedure.

                              */s/ Eric D. Wong*
                              Eric D. Wong